(March 23, 1908.)

## A. B. MOSS & BROTHER, a Copartnership Consisting of A. B. MOSS and FRANK C. MOSS, Appellants, v. A. H. RAMEY, Respondent.

[95 Pac. 513.]

1. The decision in the case of *O. P. Johnson, Appellant, v. Wm. M. Johnson and Walter Gridley, Respondents,* ante, p. 561, 95 Pac. 499, followed and approved.

(Syllabus by the court.)

APPEAL from the District Court of Seventh Judicial District for Canyon County. Hon. Frank J. Smith, Judge.

Action to quiet title. Judgment for defendant. *Reversed.*

Richards & Haga, for Appellants.

In surveying fractional portions of public lands bordering upon rivers, meander lines are run not as boundaries of the tract, but for the purpose of defining the sinuosities of the stream and as the means of ascertaining the quantity of the land and the fraction subject to sale, and which is to be paid for by the purchaser. (*Johnson v. Hurst*, 10 Ida. 308, 77 Pac. 784; *Railroad Co. v. Schurmeier*, 7 Wall. 272, 19 L. ed. 74; *Albany Bridge Co. v. People*, 197 Ill. 204, 64 N. E. 350; *Hansen v. Rice*, 88 Minn. 279, 92 N. W. 982.)

When the government has surveyed its lands along the bank of a river and has sold and conveyed such lands by government subdivisions, its patent conveys the title to all land and islands lying between the meander line of the government survey and the meander thread of the river. (*Butler v. Grand Rapids etc. R. R. Co.*, 85 Mich. 246, 24 Am. St. Rep. 84, 48 N. W. 569, 159 U. S. 87, 15 Sup. Ct. 988, 40 L. ed. 85; *New Orleans v. United States*, 10 Pet. 662, 9 L. ed. 573; *Houck v. Yates*, 82 Ill. 179; *Fuller v. Dauphin*, 124 Ill. 542, 7 Am. St. Rep. 388, 16 N. E. 917; *Hardin v. Jordan*, 140 U. S. 371, 11 Sup. Ct. 808, 35 L. ed. 428; *Mitchell*

*v. Smale,* 140 U. S. 406, 11 Sup. Ct. 819, 840, 35 L. ed. 442;
*Whitaker v. McBride,* 197 U. S. 510, 25 Sup. Ct. 530, 49 L.
ed. 857; *Gleason v. White,* 199 U. S. 54, 25 Sup. Ct. 782, 50
L. ed. 87; *St. Clair Co. v. Lovington,* 23 Wall. 46, 23 L. ed.
59; *Jefferis v. East Omaha Land Co.,* 134 U. S. 178, 10 Sup.
Ct. 518, 33 L. ed. 872; *Middleton v. Pritchard,* 4 Ill. 510, 38
Am. Dec. 112; *Knudson v. Omanson,* 10 Utah, 124, 37 Pac.
250.)

In this state the common-law rule prevails that the title to
nontidal streams rests in the riparian owners, with an ease-
ment in the public to use the waters of such stream for naviga-
tion where such streams are navigable.   (Secs. 18, 2934, Rev.
Stat.; *Goff v. Cougle,* 118 Mich. 307, 76 N. W. 489, 42 L. R. A.·
161, and cases cited in notes; *Hanlon v. Hobson,* 24 Colo. 284,
51 Pac. 433, 42 L. R. A. 502, and cases cited in note; *Chandos
v. Mack,* 77 Wis. 573, 20 Am. St. Rep. 139, 46 N. W. 803, 10
L. R. A. 207, and cases cited in note; note to 1 L. R. A., N. S.,
762.)

One of the important rights of a riparian owner is access
to the navigable part of the river from the front of his land.
(*St. Louis v. Rutz,* 138 U. S. 226, 11 Sup. Ct. 337, 34 L. ed.
941, 949; *Dutton v. Strong,* 66 U. S. (1 Black) 23, 17 L. ed.
29; *St. Paul & R. R. Co. v. Schurmeier,* 7 Wall. 272, 19 L.
ed. 74; *Yates v. Milwaukee,* 77 U. S. (10 Wall.) 497, 19 L.
ed. 984, 986; *Hardin v. Jordan,* 140 U. S. 371, 11 Sup. Ct. 808,
35 L. ed. 428, 436; *Shively v. Bowlby,* 152 U. S. 1, 14, 14 Sup.
Ct. 548, 38 L. ed. 331, 337; *Buccleuch v. Metropolitan Board
of Works,* L. R. 5 H. L. Cas. 418; 1 Farnham on Waters, pp.
180, 283; *Lamprey v. State,* 52 Minn. 181, 38 Am. St. Rep. 541,
53 N. W. 1139, 18 L. R. A. 670; *Kirwan v. Murphey,* 83 Fed.
278; *Knudson v. Omason,* 10 Utah, 124, 37 Pac. 250.)

Where the government has not reserved any right or interest
that might pass by the grant, nor done any act showing an
intention of reservation, such as platting or resurveying, the
grant must be construed most favorably to the grantee, and
that the government intended to pass all that might pass by
such grant.   (*Hardin v. Jordan, supra; Middleton v. Pritch-
ard,* 4 Ill. 510, 38 Am. Dec. 112; *McBride v. Whitaker,* 65

Neb. 137, 90 N. W. 966; *Lamprey v. State,* 52 Minn. 181, 38 Am. St. Rep. 541, 53 N. W. 1139, 18 L. R. A. 670.)

The United States supreme court has either limited the riparian owner to the meander line or else extended to him the full benefit of his riparian rights. The few cases where he has been limited to the meander line are those exceptional cases where the survey was fraudulent or where such an obvious mistake had been made therein as to justify the government in making a new survey. (*Security etc. Co. v. Burns,* 193 U. S. 167, 24 Sup. Ct. 425, 48 L. ed. 662, 87 Minn. 97, 63 L. R. A. 157; *Horn v. Smith,* 159 U. S. 40, 15 Sup. Ct. 988, 40 L. ed. 68; *Hardin v. Jordan, supra.*)

About the only cases where this particular doctrine has been applied are those involving the ownership of lake-beds. In *Stoner v. Rice,* 121 Ind. 51, 22 N. E. 968, 6 L. R. A. 387, it is expressly stated that it did not apply to rivers, but only to lakes, but it has been repudiated by most states even as to lakes.

Frank Harris, for Respondent.

Navigability or non-navigability of Snake river is an immaterial issue in this case, for the reason that in any event the west line of the appellants' premises does not extend west of the east channel of Snake river. (*Johnson v. Hurst,* 10 Ida. 308, 77 Pac. 784.; *Horne v. Smith,* 159 U. S. 40, 15 Sup. Ct. 988, 40 L. ed. 68; *Bates v. Railroad Co.,* 1 Black, 204, 17 L. ed. 158; *Whitney v. Detroit Lumber Co.,* 78 Wis. 240, 47 N. W. 425; *Niles v. Cedar Point Club,* 175 U. S. 300, 20 Sup. Ct. 124, 44 L. ed. 174; *Glenn v. Jeffery,* 75 Iowa, 20, 39 N. W. 160; *Bissell v. Fletcher,* 19 Neb. 725, 28 N. W. 303; *Fulton v. Frandolig,* 63 Tex. 330; *Lammers v. Nissen,* 4 Neb. 245.)

Appellants base their claim in this case upon the familiar rule that a meander line is not a line of boundary, but one designed to point out the sinuosities of the bank of a stream, and is the means of ascertaining the quantity of land in the fraction which is to be paid for by the purchaser, and that the patent for the tract of land bordering upon the river con-

veys the land, not simply to the meander line, but to the water line, which in this case they insist is the main channel of Snake river.   We concede the rule, but deny its application to this case for the reason that the facts in this case bring it clearly within the exception to the rule, which exception is as well established as the rule.   Where the lots conveyed by the patent are in one section or subdivision and the land claimed is within another, as in this case, the rule does not apply, but the exception does.   Again, where the official plat shows that the meander line was intended to meander a body of water, and such meander line does approximately meander the bank of a body of water as in this case, such body of water actually meandered is the boundary, notwithstanding it may have been misnamed by the government surveyors or may have been mistaken for a larger or different body of water, and the rule insisted upon by the appellants does not apply but the exception does.   And again, when the area of the lots patented is shown by the official plat to be less than the lots claimed as in this case, the authorities are divided as to whether the rule or the exception shall control.   However, in this case, all of these conditions which take a case out of the rule and bring it within the exception are combined.   (*Horne v. Smith,* 159 U. S. 40, 15 Sup. Ct. 988, 40 L. ed. 68; *Glenn v. Jeffery,* 75 Iowa, 20, 39 N. W. 160; *Whitney v. Detroit Lumber Co.,* 78 Wis. 240, 47 N. W. 425; *Lally v. Rossman,* 82 Wis. 147, 51 N. W. 1132.)

STEWART, J.—This is an action to quiet title to lots 3 and 4 in sec. 22, lots 1 and 2 in sec. 27, lots 1 and 2 in sec. 28, and lot 1 in sec. 33, all in township 8 north, of range 5 west, Boise meridian.

The plaintiffs claim to be the owners in fee of this property, and allege that the defendant claims an interest therein, to that portion of said lots lying along and bordering on the right bank of the main channel of Snake river and extending from near the south line of lot 1 in sec. 33, northerly to a point some distance south of the north line of lot 3, sec. 22, and extending easterly from the said right bank of the main

channel of Snake river to a ravine or slough passing through and lying wholly within said lots and connecting it at both ends of such ravine or slough with the main channel of Snake river, but allege that said claim of the defendant is without right, is unjust and unfounded and a cloud upon plaintiffs' title thereto. The plaintiffs further allege that the portion of the main channel of Snake river lying within the north and south boundaries of the tract of land described is not navigable, and the westerly limits of said lots extend to the center line of the main channel of said Snake river, and that said Snake river in the vicinity of said lots is not a navigable stream.

The defendant specifically denies the allegations of the plaintiffs' complaint, and alleges affirmatively that the defendant has had continuous, actual, open, adverse, notorious and exclusive possession of all of that certain island involved in this case, lying west of and adjoining the channel of Snake river, west of sec. 27; and that the plaintiffs and their predecessors in interest are barred of any right to bring this action under the provisions of secs. 4036, 4037, and 4043, Rev. Stat. of Idaho. The defendant further alleges that there is an island bordering upon and lying west of the east channel of Snake river, west of the lots described in the plaintiffs' complaint, and that said island is claimed, owned and occupied by the defendant and has been in his possession under claim of ownership since 1893, with full notice and knowledge to the plaintiffs; that on October 5, 1868, the lots described in plaintiffs' complaint were surveyed by the government of the United States, and the west boundary thereof thereby established and recognized as being the east bank of the east channel of Snake river, and the lots described in plaintiffs' complaint by the patents to plaintiffs' predecessors in interest, limited the quantity to 190.60 acres; and that it was not intended to convey any land to either of the plaintiffs or their predecessors in interest, west of the east bank of said east channel of Snake river; that the plaintiffs nor their predecessors in interest ever claimed or established any right whatever in and to any portion of said island; that the plaintiffs

have recognized the same as government land, and attempted
to procure a title thereto through an attempt of one Ruth
Moss to enter the same as desert land, but that said appli-
cation was rejected by the government on the ground that
the same was not desert land.   The defendant further alleges
that he has expended a large sum of money in the improve-
ment and cultivation of said island, made with the full
knowledge and acquiescence of plaintiffs.   Upon these issues
the court made his findings of fact and in effect found that
the plaintiffs have succeeded to the title in fee to lots 3 and 4
in sec. 22, lots 1 and 2 in sec. 27, lots 1 and 2 in sec. 28, and
lot 1 in sec. 33, all in township 8 north, range 5 west, Boise
meridian, according to the official plat of the survey of said
land, and that the plaintiffs and their predecessors in interest
have owned the fee to the same since the year 1891; that
the eastern boundary of said lots 1 and 2 of sec. 27, and lots
1 and 2 of sec. 28, meanders within a short distance of an
easterly channel of Snake river, varying from a few feet at
the north side of said tract to about 100 feet on the south side;
that running immediately west of said meander line is a large
channel of Snake river with well-defined banks, the channel
varying in width from 100 to 300 feet, and the depth from
6 to 10 feet, through which the water of Snake river regularly
flows during a large portion of the year, varying from three
to six months, and some years the entire season; that said
channel is an ancient channel of Snake river and has been
such for thirty years; that immediately west of the east bank
of said channel is a large island and islands comprising in the
aggregate 120 acres of land, more or less, which is surrounded
on the easterly side by the smaller channel of Snake river
and on the southerly and westerly side of the main channel,
which main channel has well-defined banks and channels with
water flowing therein during the entire season of each year,
the island being the property described in defendant's answer
and alleged to belong to the defendant; and that said island is
unsurveyed government land, and when surveyed according
to the Idaho survey would be in sec. 28, township 8 north,
range 5 west; that the defendant, since the year 1893, has

had continuous, actual, open, adverse, notorious and exclusive possession of said island lying west of the center line of said easterly channel, which said island is west of said sec. 27, town and range as above given, and has held said island under claim of ownership exclusive as against the plaintiffs and their predecessors in interest, continuously since 1893, and since said time has had said land inclosed by good and substantial inclosure and has cultivated the same to crops during each year; that the plaintiffs' lands are limited to the number of acres described in their patent and extend only to the water's edge of the most eastern channel east of said island; that the plaintiffs nor their predecessors in interest have made no claim or asserted any right to said island since the year 1895; that the defendant, believing plaintiffs claimed no interest to said island, built a house thereon and resided upon said premises for a number of years and made valuable improvements thereon, and has continued to hold and claim the same as his exclusive property.

As a conclusion of law, based upon such findings of fact, the court holds that the plaintiffs are barred from recovering or asserting any right in or to said island or any part thereof, and are barred from the right to bring any action, under the provisions of secs. 4036, 4037 and 4043, Rev. Stat. Upon these findings and conclusions of law the court rendered judgment in favor of the defendant for costs. The plaintiffs moved for a new trial, upon a statement duly prepared and settled, which was overruled, and the plaintiffs appeal to this court from the order overruling the motion for a new trial, and from the judgment.

From the record it appears that when the government surveyed the lands in secs. 22, 27, 28, 33 and 34, and filed a plat thereof, that Snake river was shown to be the west boundary line of lots 3 and 4 in sec. 22, lots 1 and 2 in sec. 27, lots 1 and 2 in sec. 28, and lot 1 in sec. 34, and that no island was surveyed or platted, lying in Snake river in front of any of said lots.

The defendant introduced in evidence a plat made by John Milligan, county surveyor of Malheur county, Oregon, in

which it is shown that immediately west of lots 1 and 2 in sec. 27 and lots 1 and 2 in sec. 28, there is an island, and that the main channel of Snake river forms a westerly boundary of said island, and a smaller channel forms an easterly boundary, the latter carrying only a part of the water as shown by the findings; that these two channels surround a body of land consisting of about 120 acres, the island in controversy.

The record presents two questions for consideration; the first is, did the grant covering lots 1 and 2 in sec. 27, and lots 1 and 2 in sec. 28, convey to the patentee, as a part of said lots, the land or island in controversy in this case; in other words, did the riparian owner take title to the thread of the main channel of Snake river? This question has been fully discussed and recently passed upon by this court in the case of *Johnson v. Johnson, ante,* p. 561, 95 Pac. 499, which opinion we approve in this case and consider that the same fully disposes of said question adversely to respondent.

The defendant also relies upon the defense that the plaintiffs and their predecessors in interest have not been seised or possessed of the premises in controversy within five years prior to the commencement of said suit, and as a result are barred by the statute of limitations. This defense is based upon the statute which provides that no recovery of real property can be maintained unless it appears that the plaintiffs, their ancestors, predecessors, or grantors were seised or possessed thereof within five years before the commencement of such action. (Sec. 4036, Rev. Stat.)

The defendant claims that he has been in the continuous, actual, open, adverse, notorious and exclusive possession of the property in controversy since the year 1893; and under this allegation of the answer the court found the same to be true, and found that said defendant has held said property under claim of ownership exclusively against the plaintiffs and their predecessors in interest continuously and against all other persons whatsoever since the year 1893, and has had said property inclosed by good and substantial inclosure, and has cultivated the same during each year since 1893. The

defendant contends that the same facts which justified the court in making the finding that he had been in the exclusive possession of said property for more than five years last past, constituted a disseisin of said property, and by reason of such fact, that the plaintiff cannot maintain this action because they and their predecessors in interest have not been seised or possessed of said property within five years before the commencement of this action. Sec. 4036, Rev. Stat., provides: "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seised or possessed of the property in question within five years before the commencement of the action."

The findings in this case are to the effect that the property in controversy was unsurveyed government land, and that the defendant entered into possession of the same, claiming that the same was government land and that the plaintiffs had no title thereto, and that the defendant has held possession of said property under said claim since the year 1893.

The question then arises: Will such facts defeat the plaintiffs' right to recover said property? The theory of the trial court was that the plaintiffs could not recover in this action because the property in controversy was unsurveyed government land, and did not belong to the plaintiffs, and that the defendant entered upon said land as government land, and has had the exclusive possession thereof since the year 1893.

This case was tried and decided by the trial court upon the theory that the land in controversy was unsurveyed government land, but this court finds that the legal title was in the riparian owner. What finding the court would have made upon the question of adverse possession, had such court determined that the legal title was in the riparian owner, this court is unable to say. For the reasons stated in the opinion in *Johnson v. Johnson, supra,* this case must be reversed. And, inasmuch as the court's findings were made upon a wrong theory of the law, we deem it only just to all parties to grant a new trial in order that the court may determine whether plaintiffs' title has been divested or right of action

arrested by adverse possession of the defendant. The judgment will be reversed, and a new trial ordered, with leave to either party to amend their pleadings.

Costs awarded to appellants.

Ailshie, C. J., concurs.

Sullivan, J., dissents.