WILLIAMS and others, Respondents, vs. LANE and others, Appellants.

*February 3 — February 23, 1894.*

Liens: Docks, etc., constructed in Lake Superior: Riparian rights: Limitations: Evidence: Sunday.

1. Persons who furnished materials and performed labor for a riparian owner in the construction of docks and other structures in the waters of Lake Superior in front of his land, and in dredging a channel along said docks, are entitled, under sec. 3314, S. & B. Ann. Stats., to a lien upon such docks and other structures, and upon the interest of such riparian owner in the land and the riparian rights appurtenant thereto, subject to the paramount right of the public to use the waters in which such structures are for navigation and other lawful purposes.

Williams and others vs. Lane and others.

2. In an action to enforce such lien, the plaintiffs need not prove the title of the person for whom the work was done, as the lien is enforced only against his interest.

3. In an action to enforce a lien for labor and materials, statements of the date and amount of each day's work, made by defendants' inspector and timekeeper at the time and in the regular course of business, were competent evidence of the date of the last item of work done or materials furnished and to show that the action was commenced within the time limited therefor.

4. No recovery or lien can be had for materials furnished on Sunday unless there was a subsequent promise on a secular day to pay for them or an account stated between the parties.

5. Where the year within which an action must be commenced ends on Sunday, the action cannot be commenced on the next day.

APPEAL from the Circuit Court for *Bayfield* County.

This action was brought by three several claimants, namely, Williams, Upham & Co., Leihy & Garnich, and A. A. Bigelow & Co. to enforce liens for the amount of their several claims against the docks, sawmill, water frontage, and appurtenances on a lot of land lying along and upon the bay or lake shore at Washburn, in the county of Bayfield, not exceeding forty acres, and particularly described in the complaint, which belonged to the defendant *The Northern Pine Land Company*, March 1, 1888; and the defendant *James M. Lane* then had a contract for the purchase of it, entitling him to possession, which he then had under said contract and at the time said several claims accrued against him. In October, 1888, he assigned the property in question to the defendant *Clarke* for the benefit of his creditors. It was conceded that petitions for liens in due form had been seasonably filed for these claims. It appeared that the sawmill was out in the waters of the bay or lake from 300 to 500 feet from the shore line of the lot, and it had been filled in from the land to the mill with slabs and refuse, so that it was connected with the land by a dock, and the dock was continued out beyond the mill to reach the navigable waters of the bay or lake. The

claim of Williams, Upham & Co. was for a balance of $1,536.50 due under a contract with *Lane* for dredging a channel along said docks, in pulling and driving spiles, and building and enlarging said docks; and the last service, it was alleged, was rendered August 6, 1888, and the action was commenced August 5, 1889. The claim of A. A. Bigelow & Co. was for work and labor performed, and spiles and other materials furnished, in and about the construction of the lumber dock, under a contract with said *Lane*, between June 1, 1888, and August 5, 1888, and a balance was claimed of $599.62, with interest from the latter date. The claim of Leihy & Garnich was for goods, wares, and merchandise and building material, of the value and price of $168.45, sold and delivered to said *Lane* between April 30, 1888, and August 9, 1888, to be used in repairing and in the completion of certain machinery attached to a building on said lot. The appropriate judgment was demanded for the several claims. The answer was a general denial.

The issues were referred to a referee for trial, and he made a report, in substance, in conformity with the claims of the several parties as above set forth, finding, among other things, that the last item of the claim of Williams, Upham & Co. accrued August 6, 1888, the last item of the claim of A. A. Bigelow & Co. accrued August 5, 1888, and in the case of Leihy & Garnich, August 9, 1888, and finding that the facts set forth in the complaint were true, and, as conclusions of law, that the several parties were entitled to judgment accordingly, as prayed. A large number of exceptions were taken to the finding, and such of them as are material are stated in the opinion. The court modified the report so as to show, as above stated, that *Lane's* ownership of the premises was by virtue of the land contract, and reducing the lienable items of the claim of Leihy & Garnich to $127, and the action was recommitted to the referee, to ascertain the date of the last charge of Bigelow

& Co. After a hearing it was reported that the last day of performing work by them was August 4, 1888, and that the last material furnished by them was August 5, 1888. Other exceptions followed. The report was modified by the court, finding the amount due Leihy & Garnich at $133.90, with interest from October 9, 1888, and the amount due Bigelow & Co. $590.62, with interest from August 5, 1888, but the report as to the amount due Williams, Upham & Co. remained unchanged.

Judgment was given, allowing the several parties liens for the sums so found due them, and for costs. The defendants *Lane, Clarke,* his assignee, and the *Northern Pine Land Company* appealed.

*J. J. Miles,* for the appellants, contended, *inter alia,* that the land on which the docks stand belongs to the government, but the owner of the shore has riparian rights. *Delaplaine v. C. & N. W. R. Co.* 42 Wis. 214. The land in front of which the docks were constructed is a part of a government subdivision. It is not a water lot. Cent. Dict. p. 6844; Phillips, Mech. Liens (3d ed.), secs. 200–202. If we call any parcel of land having a frontage on any navigable stream or lake a water lot, the lien does not extend to this case, at least so far as the work was done and materials furnished in the repair and construction of the docks and machinery of the mill located in the waters of Lake Superior, for the reason that the law in force at the time (ch. 442, Laws of 1887) required the wharf or erection to be on the lot to entitle the laborer or material man to a lien. This construction of the statute is strengthened by the ruling of this court that a person having a lien under the statute upon a building which was so constructed as to become a part of the realty, could not enforce the same against the building alone, and that the lien failed unless the person contracting the debt had some interest in the land upon which it was constructed. *Heath v. Solles,* 73

Williams and others vs. Lane and others.

Wis. 220, 221, and authorities cited; Phillips, Mech. Liens, secs. 164, 202. Although parties owning the shore may have a right to use the land under water in front so long as they do not interfere with the right of navigation, this does not entitle plaintiffs to a lien unless the statute expressly so provides. Phillips, Mech. Liens, secs. 15–19, 176, and authorities; *Kellogg v. Littell & S. M. Co.* 1 Wash. 407; *Front St. Cable R. Co. v. Johnson*, 2 id. 112; *Rees v. Ludington*, 13 Wis. 279, 280.

For the respondents there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins.* To the point that the dock is connected with the land and is as much a part thereof as would be a house or mill constructed on the land, they cited *Moran v. Chase*, 52 N. Y. 346; *Kenney v. Apgar*, 93 id. 539; *Galbreath v. Davidson*, 25 Ark. 490.

PINNEY, J.   1. The lot of land described in the pleadings and judgment lies upon and along the water frontage of Ashland bay, a part of the waters of Lake Superior, at Washburn, in Bayfield county, and the owner, by virtue of his riparian ownership, has, as appurtenant to the land, a right to construct, in shoal water in front of his land, proper wharves, piers, or other structures in aid of navigation, and, at his peril of obstructing it, through the water far enough to reach actually navigable water.   Such riparian rights proper rest upon title to the bank, and are the same whether the riparian owner owns the soil under the water or not; and, subject to the riparian rights of the riparian owner, the state owns the fee of the land under water, in trust for certain public uses and for the purposes of navigation.   *McLennan v. Prentice*, 85 Wis. 427, and cases cited.

The statute relating to liens such as are claimed in this action is that " every person who . . . performs any

work or labor, furnishes any materials . . . for, in, or about the erection, construction, repairs, protection or removal of any dwelling house or other building, or any machinery erected or constructed so as to be or become a part of the freehold upon which it is to be situated, or of any bridge, or in the filling up of any water lot or the construction thereon of any wharf or permanent erection, or in the dredging of the channel in front of such water lot, . . . shall have a lien thereupon, and upon the interest of the owner of such . . . building, machinery, . . . wharf, erection thereon, . . . and upon the water lot so filled, or in front of which such dredging is done, not exceeding forty acres;" and no lien shall exist unless the claim therefor is filed "within six months from the date of the last charge for performing such work and labor, and the furnishing of such materials," nor unless such action (to foreclose it) "be brought within one year from such date." S. & B. Ann. Stats. secs. 3314, 3318.

We see no reason why the plaintiffs in these cases, for doing the work and furnishing the materials stated in the complaint, may not have liens upon docks, wharves, and other structures built by a riparian owner out into the water in front of his lot, and for dredging, piling, etc., for that purpose, and also upon the right, title, and interest of such riparian owner in and to the land and to the riparian rights appurtenant thereto, subject to the paramount right of the public to make use of the waters in which such structures or improvements are made as may be lawful, and for purposes of navigation. The objection made to such liens sounds ill in the mouths of the defendants, so long as they are in the undisturbed exercise and enjoyment of their riparian rights, and are not excluded on account of the public use, paramount to all others, which may be made of the waters. The plaintiffs are not required to prove the title of the defendant *Lane*, as the lien is enforced only against

his interest, and if he has no interest in the property the plaintiffs will take no interest in the premises by the judgment; but that is a matter of no concern to the defendants (*Willer v. Bergenthal*, 50 Wis. 479); and no issue is made as to any title paramount to that of the defendant *Lane* (*Cook v. Goodyear*, 79 Wis. 606).

2. It is objected to the claim of Williams, Upham & Co. that the proof does not show that the last item of it was rendered August 6, 1888, so as to maintain that the action commenced August 5, 1889, was brought within the prescribed year. There was abundant proof of the claim. While Williams, Upham & Co. were doing this work, an inspector and timekeeper selected by *Lane* reported each day's operations, and gave plaintiffs a statement of the date and amount of each day's work, and from these statements they made up their account. There were sixteen of these statements, and the last bore date August 6, 1888. They were made at the time, in the regular course of business, by *Lane's* agent, and were competent evidence on the point in question.

3. It is objected that the action was not commenced in time as to the claimants Bigelow & Co., the date of the last work performed by them being August 4, 1888, and the last material furnished — a large number of spiles — was Sunday, August 5, 1888. The proof shows that the last item of work charged was nine dollars for twelve hours' labor, and, further, that the spiles were actually used in the work. It is probable that they were used after the Sunday upon which it is found that they were furnished. Under the finding of the referee, there can be no recovery for the materials so furnished. R. S. sec. 4595; *Moore v. Kendall*, 2 Pin. 99; *Troewert v. Decker*, 51 Wis. 46. A recovery might have been had if there had been a subsequent promise on a secular day to pay for the materials, or if there had been an account stated between the parties (*Mel-*

*choir v. McCarty*, 31 Wis. 256); but the proof shows merely that an account had been rendered for it, leaving the right to recover to depend upon an implied promise; and the case falls within the rule laid down in *Frey v. Fond du Lac*, 24 Wis. 204, to the effect that no promise, in such case, can be implied.

The last item of labor (August 4th) appears to have been disallowed by the court; but, if the evidence showed that it should have been allowed, it would then appear that the last day to bring an action to enforce a lien for the claim of Bigelow & Co. was August 4, 1889, and this was Sunday, and the action was not commenced until the next day. We are of the opinion that the action, as to these plaintiffs, was not brought in time, and that by the great weight of authority, where the time for doing an act is one or more years, and the last day falls on Sunday, it cannot be lawfully performed on the next day. In such case the act should be performed on the preceding day. Sedg. Stat. & Const. Law, 358; Suth. Stat. Const. sec. 115; End. Interp. Stat. sec. 393; *Haley v. Young*, 134 Mass. 364; *Ex parte Dodge*, 7 Cow. 147; *Taylor v. Palmer*, 31 Cal. 244; *Harrison v. Sager*, 27 Mich. 476; *Ex parte Simpkin*, 105 Eng. C. L. 392. The case is not within the statute (S. & B. Ann. Stats. sec. 4971), which applies only to cases when the time in the statute "is expressed in days," and is not controlled by *Buckstaff v. Hanville*, 14 Wis. 77.

The right of lien claimed by Bigelow & Co. for the amount of their claim therefore fails because the action was not commenced within the prescribed year. S. & B. Ann. Stats. sec. 3318.

4. It is claimed that the evidence does not show that the goods sold to *Lane* by Leihy & Garnich were used in repairing or completion of certain machinery which was attached to a building on the premises in question. *Mr. Garnich* testified to the sale of the goods, and that he had

a conversation with *Lane* about it, and it was stated by *Lane*, as we understand it, that they were used at Washburn for the mill. The circuit court, it appears, examined the account with a view of excluding from it all non-lienable articles, and reduced the amount considerably. It does not affirmatively appear that any error occurred by which any sum for non-lienable articles was retained and included in the judgment. The evidence before the referee appears to be meager and fragmentary. The referee, no doubt, understood its force and effect much better than any one can by reading the somewhat imperfect report. We think that his findings, as amended and confirmed by the court, are warranted by the evidence, and that it sustains the judgment, except as to the claim of Bigelow & Co.

There are no other questions requiring consideration, and it follows from these views that the judgment of the circuit court ought to be affirmed as to all the plaintiffs except Bigelow & Co., and that as to them it should be reversed and the case remanded with directions that the action as to them be dismissed.

*By the Court.*— Judgment is ordered accordingly.

For computation of time when last day falls on Sunday, see *note to Brown v. Vailes*, (Colo.) 14 L. R. A. 120.— REP.

