THE AMERICAN BONDING COMPANY OF BALTIMORE V. W. S. DICKEY.

No. 14,799.   (88 Pac. 66.)

SYLLABUS BY THE COURT.

1. PETITION—*Amendment—Mistake—Surplusage.* Where words descriptive of the plaintiff are by mistake used in the title of an action, as "W. S. Dickey *Clay Manufacturing Company*," and an allegation is also by mistake inserted in the petition averring that such plaintiff is a corporation, the petition may be amended by striking such words from the title and the allegation from the petition. Such an amendment is authorized by section 139 of the code. (Gen. Stat. 1901, § 4573.)

2. ———— *Changing Cause of Action—Relation of Amendment—Limitation of Action.* The amendment of a petition in the manner above stated does not change substantially the cause of action, and if made more than six months after the right of action accrued will relate back to the date of filing the original petition, and the action will not be barred by reason of the six-months' limitation provided in section 5131 of the General Statutes of 1901.

3. MUNICIPAL CORPORATIONS—*Contractor's Bond.* Where a city enters into a contract for the construction of a public sewer, and takes a bond from the contractor for the protection of material-men and laborers, as provided by section 5130 of the General Statutes of 1901, such bond will be deemed to have been taken by a public officer within the purview of such statute.

4. FOREIGN CORPORATIONS—*Service of Summons.* Where a foreign corporation is doing business and has an office in this state, service of summons, in an action pending in the county where such office is located, may be made upon such corporation under section 4498 of the General Statutes of 1901 by

leaving a copy thereof at such office with the person in charge thereof, if it appear that at the time of such service the other officers and representatives of the company mentioned in such section were not found in the county.

5. MUNICIPAL CORPORATIONS—*Contract for Public Works—Competition.* A contract made by a city for the construction of public improvements therein will not be held void because in violation of section 747 of the General Statutes of 1901, unless it be shown that the contract was in some way the result of acts done which are prohibited by such statute.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed December 8, 1906. Affirmed.

### STATEMENT.

C. H. SUMPTION contracted with the city of Wichita to furnish the necessary labor and material and construct a sewer in that city. The contractor was required to give a bond to secure laborers and materialmen, as prescribed by sections 5130 and 5131 of the General Statutes of 1901. The plaintiff in error became such security. The defendant in error furnished the sewer-pipe used, and, the contractor failing to pay therefor, suit was brought upon the bond. Judgment was entered in the district court in favor of the plaintiff, and the bonding company brings the case here for review.

The style of the suit as originally commenced was "W. S. Dickey Clay Manufacturing Company, plaintiff, v. C. H. Sumption and the American Bonding Company of Baltimore, defendants." It was alleged in the petition that the plaintiff was a corporation. The defendant bonding company in its answer alleged that the plaintiff was a foreign corporation and had not complied with the statute so as to have the right either to do business in the state or to maintain an action in its courts. The plaintiff thereupon obtained leave to, and did, amend its petition by striking from the title of the case, after the name W. S. Dickey, the words "Clay Manufacturing Company," and by substituting for the

allegation in the petition that the plaintiff was "a corporation" the averment that W. S. Dickey operated the business of manufacturing sewer-pipes under the trade name of the "W. S. Dickey Clay Manufacturing Company."

Section 5131 of the General Statutes of 1901, which authorizes the taking of the bond relied upon, contains a provision that no action can be maintained upon such a bond unless commenced within six months after the completion of the work to secure which it was given. The sewer in question was completed April 30, 1904. The original petition was filed and summons issued thereon October 15, 1904. The amended petition was filed February 21, 1905. The plaintiff in error was brought into court by a summons issued when the original petition was filed. The name of the plaintiff as stated therein was the W. S. Dickey Clay Manufacturing Company. The return on the summons reads:

"Received this writ this 15th day of October, A. D. 1904, and as commanded by this writ I summoned American Bonding Company of Baltimore, by delivering to T. W. Sargent, the agent for and on behalf of said company, at its office and usual place of business, in Wichita, Sedgwick county, Kansas, a copy of the summons herein.

"I certify that I could not find the president, vice-president, secretary, treasurer, cashier, trustee, chairman of the board of directors, or other managing officer of said company in Sedgwick county, Kansas, in which I have jurisdiction to serve summons and process of law; and that said officers of said company were not in my county.

"I further certify that the clerk of the district court of Sedgwick county, Kansas, has no certificate of appointment filed in his office by said company designating any one residing in the county of Sedgwick and state of Kansas on whom to serve summons and process of law; and that said company has never designated any one residing in Sedgwick county, Kansas, on whom to serve summons.

"I further certify that after endeavoring to get service on such officers of said company, and failing in such service, I made service on said T. W. Sargent, he

being the person in charge of the office and usual place of business of said company, at Wichita, Sedgwick county, Kansas, and he being the person held out to the public by said company as their agent and representative at Wichita, Kan.

"Hence, I made service on said T. W. Sargent, agent for American Bonding Company of Baltimore, by delivering to him a copy of the summons herein, with the indorsements thereon, on the 15th day of October, A. D. 1904, at 4 : 30 o'clock, P. M."

Motions were duly filed to quash the summons, but were denied.

One clause in the contract for the construction of the sewer reads : "None but citizens of the city of Wichita are to be employed on said work."

*Thornton W. Sargent,* for plaintiff in error.

*I. P. Campbell & Sons,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The principal question discussed by the plaintiff in error, and the point upon which several of the errors assigned depend, is the legal effect of filing the amended petition. It is claimed that striking the words "Clay Manufacturing Company" from the title of the case caused a substitution of one plaintiff for another, one being a corporation and the other an individual; and that by this substitution the amended petition presents a cause of action against the plaintiff in error different from that stated in the original petition, because owned by another person. It is insisted that the action between this substituted plaintiff and the plaintiff in error was not commenced until the amended petition was filed, and that, as this was more than six months after the completion of the sewer, the action was barred under the statute. It is conceded that section 139 of the code (Gen. Stat. 1901, § 4573) authorizes the amendment, but it is contended that such an amendment cannot relate back to the filing of the original petition so as to avoid the plea of the statute

of limitations on the part of the plaintiff in error. This question has been before this court before, and was decided against the contention of the plaintiff in error. (*Service v. Bank,* 62 Kan. 857, 62 Pac. 670; *Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *Hucklebridge v. Railway Co.,* 66 Kan. 443, 71 Pac. 814.)

Furthermore, we do not think the action of the court in this case amounted to a substitution of one party for another. It appears that no corporation existed by the name of the W. S. Dickey Clay Manufacturing Company, and that this description of the plaintiff was the result of a mistake or misapprehension of counsel, in drawing the petition. The language stricken out was mere surplusage. The amendment did not affect the cause of action, nor mislead the defendant.

It is claimed that the court did not acquire jurisdiction of the plaintiff in error for the reason that it was not properly served with summons. The plaintiff in error raised this question by timely motions and objections, so that if the point is well taken it has not been waived by answer. It is evident from the return on the summons that the officer making service thereof attempted to show a full compliance with all the statutes relating to that subject, and we think he succeeded in making legal service under section 4498 of the General Statutes of 1901, which reads:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

It appears from the return that the plaintiff in error had an office in the city of Wichita, Sedgwick county, Kansas, and that summons was served upon the person in charge of such office, the other officers and persons named in the statute not being found in the county.

This is sufficient. This section of the statute is not intended to apply to domestic corporations only, as contended by the plaintiff in error, but covers all corporations alike.

It is also contended by the plaintiff in error that the bond sued on is void because not taken by a public officer, as required by law. The statute providing for such bond is section 5130 of the General Statutes of 1901, which reads:

"That whenever any public officer shall under the laws of the state enter into contract in any sum exceeding one hundred dollars, with any person or persons, for [the?] purpose of making any public improvements, or constructing any public building, or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Kansas, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

The city of Wichita made the contract for the construction of the sewer in question, and required the contractor to furnish the bond here sued upon. We think the distinction drawn by this contention between a city and its officers is too narrow for practical purposes. Whatever a city does is of necessity done by a public officer.

It is further claimed that the contract is void because of a clause therein which reads: "None but citizens of the city of Wichita are to be employed on said work." This clause, it is said, destroys competition, and is in violation of section 747 of the General Statutes of 1901, which reads:

"Before the building of any bridge or sidewalk, or any work on any street, or any other kind of work or improvement, shall be commenced by the city council, or under their authority, a detailed estimate of the cost thereof shall be made under oath by the city engineer and submitted to the council; and in all cases

where the estimated cost of the contemplated work or improvement amounts to $100, sealed proposals for the doing or making thereof shall be invited by advertisement, published by the city clerk in the official newspaper of the city for at least three consecutive days, and the mayor and council shall let the work by contract to the lowest responsible bidder, if there be any such whose bid does not exceed the estimate. If no responsible person shall propose to enter into contract at a price not exceeding the estimated cost, all bids shall be rejected, and the same proceedings as before repeated, until some responsible person shall, by sealed proposal, offer to contract for the work at a price not exceeding the estimated cost. In no case shall the city be liable for anything beyond the estimated cost, or the original contract price for doing such work or making such improvement. All sidewalks shall be built by contract, advertised for as herein provided. Before any such work or improvement, except building sidewalks, shall be commenced, the money to pay therefor must be set aside in the city treasury by an appropriation ordinance, regularly passed and published, and it shall be the duty of the city treasurer to take notice of such ordinance and be governed thereby."

The case of *Surety Co. v. Brick Co.*, 73 Kan. 196, 84 Pac. 1034, is cited in support of this proposition. The facts in that case, however, differ from those in this in some important particulars. In the case cited the plaintiff, who sued to recover for material furnished to the contractor, was an active agent in procuring the city council to adopt the provisions which made the contract void. It was held to be invalid as to him because of his knowledge of, and participation in, the illegal features thereof. While in legal contemplation it may be permissible to attribute the act of taking a bond required by a city to the municipality, yet, in fact, it is of necessity the act of public officials. We think the bond in question was taken by public officers within the meaning of the statute, although executed to protect the interests of the city of Wichita. The necessity of knowledge on the part of material-men and laborers of the facts which make the contract void, before they

will be deprived of the right to recover thereunder, is clearly stated in the third paragraph of the syllabus of the case just referred to, which reads:

"When a contract entered into by a city for paving streets is void for the reason that no opportunity is given therein for free competition in the purchase of the materials used, all the proceedings are void, and persons who furnish labor or material with full knowledge of the facts which constitute the proceedings illegal are bound thereby and cannot maintain an action against the surety of the contractor who has furnished a bond under the provisions of section 5130 of the General Statutes of 1901."

In this case it does not appear that W. S. Dickey, when he furnished the pipe sued for, had any knowledge whatever of this clause in the contract. It does not appear that this clause constituted a part of the advertisement for bidders, or in any way affected the price for which the work was let. From all that appears in the pleadings or record this clause was inserted in the contract with the consent of the contractor, after the bidding was closed. The burden is upon the person who attacks such a contract to show the facts which make it void; in the absence of such showing it will be upheld.

Other questions are presented in argument, but such of them as are not disposed of by the conclusions hereinbefore stated we do not deem material, and it is therefore useless to consider them. The judgment is affirmed.

All the Justices concurring.