SENTINEL COMPANY, Respondent, vs. A. D. MEISELBACH MOTOR WAGON COMPANY, Appellant.

*November 19—December 6, 1910.*

*Corporations: When existence begins: Power to contract: Authority of incorporator: Evidence: Sunday: Judicial notice: Recovery for advertising in Sunday paper.*

1. Under our statutes a corporation comes into being on the filing of its articles with the register of deeds, and from that time may bind itself by contract; and the signers of the articles have authority to manage its affairs.

2. Evidence showing, among other things, that immediately after the filing of articles of incorporation with the register of deeds one of the signers assumed the management of the affairs of the corporation and held himself out as acting for it and contracted on its behalf the indebtedness in question for engravings and advertising, and that very soon afterwards, with the knowledge and consent of the other signers, he acted as secretary and manager of the sales department on a salary, made

contracts for the corporation, and represented it in the management of its business, was sufficient to sustain a verdict to the effect that he was authorized to bind the corporation by said contract.

3. In an action on *quantum meruit* to recover for newspaper advertising, the dates of publication appearing from the evidence, the court was bound to take judicial notice that certain of the advertisements were published on Sunday.

4. Under sec. 4595, Stats. (1898), prohibiting any kind of labor, business, or work on Sunday, except only works of necessity and charity, there can be no recovery on *quantum meruit* for advertisements published in a newspaper on Sunday,—at least unless they are shown to be within the exception.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Modified and affirmed.*

This action was brought on *quantum meruit* to recover upon two causes of action. The first cause of action was for advertising done for the defendant by the plaintiff between the 1st day of January and August, 1906, alleged to be reasonably worth $248.67. An exhibit is attached to the complaint showing the items and dates of publication. The second cause of action is based upon a claim for the manufacture and delivery to the defendant, at its special instance and request, by the Clark Engraving & Printing Company, a corporation, of engravings, plates, cuts, and drawings alleged to be reasonably worth $60.10, which it is alleged the defendant agreed to pay for, and that the claim of said Clark Engraving & Printing Company was assigned to the plaintiff prior to the commencement of this action. The exhibit attached to the complaint under the first cause of action is as follows:

*A. D. Meiselbach Motor Wagon Company,*
              In account with *Sentinel Company,*                      Dr.

| 1906. | | | | | |
|---|---|---|---|---|---|
| May | 13. | To | advertising | $32 | 34 |
| | 20. | " | " | 40 | 18 |
| | 27. | " | " | 33 | 32 |
| | 28. | " | " | | 57 |
| | 31. | " | " | 78 | 10 |
| June | 30. | " | " | 64 | 16 |
| | | | | $248 | 67 |

The date of the last item, June 30, was corrected on the trial without objection to read June 3.

The complaint also alleges that the defendant is a corporation. The answer denies the corporate existence of the defendant, and denies generally the allegations of the complaint. It was, however, admitted on the trial that the Clark Engraving & Printing Company was a corporation at the times stated in the complaint, and that the work alleged to have been performed by said company was in fact performed and the prices charged therefor reasonable. The material controverted issues upon the trial briefly stated were: (1) The incorporation of the defendant at the time in question, and its power to incur the obligation; (2) the authority of one Charles Rohde to bind the defendant, and whether said Rohde individually, or the defendant through him, authorized the advertisements published by the plaintiff and the work done by the Clark Engraving & Printing Company; (3) whether the defendant ever adopted the acts of Rohde in the matters in question; (4) the validity of the Sentinel Sunday advertising as a basis for legal liability against the defendant; and (5) the reasonable value of the Sentinel advertising.

The jury returned a general verdict in favor of the plaintiff upon both causes of action for the sum of $308.77, with interest from the 30th day of June, 1906. The defendant moved that the verdict be set aside and for judgment dismissing the complaint with costs, and in case of the denial of such motion that the verdict be set aside and a new trial granted for several alleged reasons. Defendant's motions were denied and judgment ordered for the plaintiff in accordance with the verdict, from which the defendant appealed.

For the appellant there was a brief by *Perry, Morton & Kroesing,* and oral argument by *George E. Morton.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles, Jr.,* of counsel, and oral argument by *J. V. Quarles, Jr.*

KERWIN, J. The first three propositions referred to in the statement of facts, namely, the power of the defendant to incur the obligation which is the basis of plaintiff's claim, the authority of Rohde to bind the defendant and whether he in fact did so, and whether defendant adopted the acts of Rohde, may be considered together. The articles of incorporation of the defendant were filed with the register of deeds on May 8, 1906. They were signed by A. D. Meiselbach, B. R. Godfrey, and Chas. Rohde, incorporators. Sec. 1772, Stats. (1898), provides for the filing of the articles of incorporation or a true copy thereof with the secretary of state and register of deeds of the county in which the corporation is located, and further provides that "no corporation shall, until such articles be so left for record, have legal existence." Sec. 1773 provides that "until the directors or trustees shall be elected the signers of the articles of organization shall have direction of the affairs of the corporation," and that "no such corporation shall transact business with any others than its members until at least one half of its capital stock shall have been duly subscribed and at least twenty per centum thereof actually paid in; and if any obligation shall be contracted in violation hereof the corporation offending shall have no right of action thereon; but the signer or signers of the articles and the subscriber or subscribers for stock transacting such business or authorizing the same, or having knowledge thereof, consenting to the incurring of any debt or liability, as well as the stockholders then existing, shall be personally liable upon the same."

Under our statutes the defendant became a corporation at the time of the filing of its articles with the register of deeds, namely, May 8, 1906, and was capable from that time to bind itself by contract, and the signers of the articles had lawful authority to manage its affairs. *Badger P. Co. v. Rose,* 95 Wis. 145, 70 N. W. 302. There is evidence tending to show that, immediately after the articles of incorporation of the de-

fendant were filed with the register of deeds, Chas. Rohde, one of the signers, assumed the management of the business and contracted the indebtedness in question on behalf of the corporation and held himself out as acting for the corporation. There is also evidence that early in May, 1906, Rohde, with the knowledge and consent of the other signers of the articles, acted as secretary and manager of the sales department of the defendant at a salary of $1,200 per year, made contracts for the defendant, and represented it in the management of the business. The jury in finding for the plaintiff necessarily found the facts in its favor, and, without further reciting the evidence, it is sufficient to say that there is ample evidence to support the verdict on the points of Rohde's authority to bind the defendant and that he did in fact contract with the plaintiff and the Clark Engraving & Printing Company on defendant's behalf. All the services performed by the plaintiff and the Clark Engraving & Printing Company and material furnished were done, performed, and furnished for defendant after the filing of the articles of incorporation of the defendant, therefore after the defendant had existence as a corporation.

The only serious question on this appeal is the right of the plaintiff to recover for charges made for Sunday publications. It appears from the record that four of the items recovered for, namely, May 13, $32.34; May 20, $40.18; May 27, $33.32; and June 3, $64.10, were for Sunday publications, and the question arises whether the recovery for these items can be sustained. The main answer of respondent's counsel to the contention of appellant's counsel on this point is that the objection to these items as being Sunday publications was not sufficiently brought to the attention of the trial court, the only objection made to proof of these items being that the evidence was incompetent, irrelevant, and immaterial, while on the part of appellant it is contended that, the dates appearing, the court was bound to take judicial notice that such pub-

lications were on Sunday. The action being on *quantum meruit* to recover what the publication of the articles was reasonably worth, and the dates of publication appearing, we think the court was bound to take judicial notice of the Sunday publications and that no recovery could be had therefor. *McIntosh v. Lee,* 57 Iowa, 356, 10 N. W. 895; *Wilson v. VanLeer,* 127 Pa. St. 371, 17 Atl. 1097; *Louisville & N. R. Co. v. Brinkerhoff,* 119 Ala. 606, 24 South. 892; 1 Ency. of Ev. 768. Moreover, it appears from the record that at least three of the Sunday publications were brought to the attention of the court as Sunday publications. The question is not free from difficulty. It is a matter of common knowledge that Sunday newspapers are published throughout the country and that they contain in their columns much valuable advertising matter, and it seems like a harsh rule to hold that such publications made on Sunday cannot be recovered for, although perhaps much of the work in preparing the matter for publication is done on secular days. However in the case before us we are not dealing with a situation of agreement made on a secular day for work to be done generally, nor a case of agreement made on Sunday for work afterwards done on a secular day and supported by a subsequent promise, under the rule laid down in *Melchoir v. McCarty,* 31 Wis. 252; *Williams v. Lane,* 87 Wis. 152, 158, 58 N. W. 77; *Schmidt v. Thomas,* 75 Wis. 529, 44 N. W. 771; *King v. Graef,* 136 Wis. 548, 117 N. W. 1058; and *Vinz v. Beatty,* 61 Wis. 645, 21 N. W. 787. In the case at bar the respondent placed itself squarely upon the right to recover for what the services performed on Sunday were reasonably worth. Sec. 4595, Stats. (1898), prohibits "labor, business or work, except only works of necessity and charity," and no attempt was made by respondent to bring itself within the exception, if it were possible for it to do so. Under a similar statute in New York a contract for the publication of an advertisement in a newspaper printed Saturday night and issued Sunday was held

void.  *Smith v. Wilcox,* 24 N. Y. 353.  This court has held
to a strict rule against the enforcement of Sunday contracts.
*Troewert v. Decker,* 51 Wis. 46, 8 N. W. 26; *Vinz v. Beatty,*
61 Wis. 645, 21 N. W. 787; *Cohn v. Heimbauch,* 86 Wis.
176, 56 N. W. 638; *Williams v. Lane,* 87 Wis. 152, 58 N. W.
77; *Howe v. Ballard,* 113 Wis. 375, 89 N. W. 136.  In
*Williams v. Lane, supra,* the last materials in a mechanic's
lien case were furnished on Sunday, and, although actually
used in the work, it was held that no recovery could be had
therefor, since no subsequent promise was made to pay and
none could be implied.  In *Sherry v. Madler,* 123 Wis. 621,
101 N. W. 1095, it was held that, where a contract is void
because executed on Sunday, acts of subsequent recognition
do not constitute ratification of the original contract, such con-
tract being absolutely void and incapable of ratification.  In
face of the statute and repeated decisions of this court, we see
no escape from the conclusion that the plaintiff cannot recover
for the Sunday items.  If the rule of the statute be wrong, it
is for the legislature, not the courts, to afford relief.

It is also insisted by appellant that there is an entire fail-
ure of proof on the item May 31, 1906, $78.10.  We cannot
agree with counsel for appellant on this point.  A *prima facie*
case was made on the whole bill for advertising, namely,
$248.67, and no attempt was made to contradict it.  The evi-
dence was sufficient, especially in connection with the admis-
sions made on the trial.  It is also urged by counsel for ap-
pellant that the reasonableness of the charge for advertising
in plaintiff's paper was not proven.  We think there was suf-
ficient evidence to support the finding of the jury on this
point.

Error is assigned respecting rulings on evidence, denying
motions for nonsuit and directed verdict, refusal to charge as
requested, in instructing the jury, and denial of motion for
new trial.  We do not regard these alleged errors of sufficient
gravity to warrant treatment in the view we take of the case.

It is sufficient to say that, with the exception of allowing recovery for the Sunday items, we find no prejudicial error in the record.    It follows that the judgment of the court below must be modified in accordance with this opinion.

*By the Court.*—The judgment of the court below is modified by deducting therefrom $170, the amount of the Sunday advertising, and as so modified is affirmed as of the date of the judgment.