## NELSON v. JORGENSON et al.

No. 4306.    Decided January 8, 1926.    (242 P. 945.)

1. EVIDENCE—COURT REQUIRED TO NOTICE SUCCEEDING DAYS OF
   WEEKS OR MONTHS; ALLEGATION THAT PARTICULAR DAY FALLS
   UPON STATUTORY HOLIDAY IS NOT NECESSARY. The court is re-
   quired to take judicial notice of the succeeding days of the
   weeks or months, and it is not necessary to allege that any
   particular day falls upon a holiday, when such day, as for
   instance Sunday, is a holiday under Comp. Laws 1917, § 7076,
   subd. 8.

2. TIME—FILING OF COMPLAINT EIGHT YEARS AND ONE DAY AFTER
   DATE OF JUDGMENT ON WHICH ACTION WAS BASED HELD FILED
   WITHIN TIME PROVIDED BY STATUTE. In view of Comp. Laws
   1917, §§ 5843 and 5844, filing of a complaint on October 16, 1922,
   in an action based on a judgment dated October 15, 1914,
   was filed within time prescribed by section 6465, allowing eight
   years to institute such action, where October 15, 1922, fell
   on Sunday, which is a holiday under section 7076, subd. 8.[1]

3. PARTIES—OMISSION IN BODY OF AMENDED COMPLAINT, OF ALLE-
   GATION THAT PLAINTIFF WAS CORPORATION, WHICH APPEARED IN
   ORIGINAL COMPLAINT, HELD NOT SUBSTITUTION OF DIFFERENT
   PARTY PLAINTIFF. The omission in the body of amended com-
   plaint, filed under an order permitting it, of an allegation
   in the original complaint that plaintiff was a corporation,
   held not a substitution of a different party plaintiff, and not
   to affect plaintiff's right to maintain the action under his
   amended complaint, where the action was prosecuted in
   the name of an individual, and defendants were not misled,

---

[1] *Jeremy Fuel & Grain Co.* v. *Denver & R. G. R. Co.*, 59 Utah, 266,
203 P. 863.

Corpus Juris-Cyc. References.

[1, 2]   Evidence, 23 C. J. p. 172 n. 15; Pleading, 31 Cyc. p. 47
n. 37: Time, 38 Cyc. pp. 329 n. 43; 330 n. 48.

[3]   Pleading, 31 Cyc. p. 489 n. 83 New.

[4]   Pleading, 31 Cyc. p. 617 n. 48.

and no allegation appeared either in the original or in the amended complaint, that plaintiff was doing business otherwise than in his own name.

4. PLEADING—STRIKING AMENDED COMPLAINT, WHILE ORDER PERMITTING FILING REMAINED IN FORCE, WAS ERRONEOUS. Striking out amended complaint, while order granting permission to file it remained in force, was erroneous.

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie*, Judge.

Action by Edward C. Nelson against Jacob Jorgenson and two others. From a judgment striking the complaint and dismissing the action, plaintiff appeals.

REVERSED and remanded, with instructions to reinstate the action.

*Walton, Walton & Nelson*, of Salt Lake City, for appellant.

*E. R. Christensen*, of Salt Lake City, for respondents.

GIDEON, C. J.

It is alleged in the complaint in this action that on the 15th day of October, 1914, plaintiff, Edward C. Nelson, appellant here, obtained a judgment in the district court of Salt Lake county against the defendants in the sum of $1,710, costs, and attorney's fees. The sum of $3 was paid on that judgment on October 31, 1914. The present action was instituted in the same district court on October 16, 1922. This action is founded upon the judgment obtained in October, 1914. A demurrer was sustained to the complaint, presumably on the ground that it appeared from the face of the complaint that the cause of action was barred by the statute of limitation. That complaint was not then amended. In a minute entry made September 11, 1923, it is recited "that this case be, and the same is hereby, dismissed." On De-

cember 20, 1923, as appears from a minute entry, on motion
of counsel for plaintiff, the court set aside and vacated its
former order dismissing the case. Motion was thereupon
made by plaintiff to set aside the order sustaining the de-
murrer to the complaint and to grant a rehearing. This
motion was denied by the court on May 15, 1924. On Sep-
tember 9, 1924, the court, upon motion of counsel for plain-
tiff, made an order granting plaintiff the right to file an
amended complaint. An amended complaint was filed on
said 9th day of September. On the 16th day of September
of the same year defendants again appeared with a motion
to strike from the files the amended complaint, upon the
ground and for the reason that the said amended complaint
was not filed in the time allowed by law, and no grounds
were shown or urged why the court should exercise its dis-
cretion, and permit plaintiff to file an amended complaint a
year after the demurrer was sustained to the original com-
plaint, and for the further reason that the amended com-
plaint did not state any cause of action or any pretended
cause of action by the same plaintiff as named in the original
complaint. On the same day, September 16, 1924, a de-
murrer was filed by the defendants to the amended com-
plaint, and one of the grounds of demurrer was that the
cause of action was barred by the provisions of the statute
of limitations. On October 25, 1924, as appears from a
minute entry, the demurrer of the defendant Jacob Jorgen-
son was submitted without argument and overruled; and
that defendant was given two days in which to answer. It
does not appear that that order overruling the demurrer was
afterwards set aside or vacated. On November 15, 1924, as
again appears from a minute entry, defendants' demurrer
and motion to strike came on for hearing and was argued
and submitted and taken under advisement. On January 24,
1925, the defendants' demurrer and motion to strike, as
appears by a minute entry, was again considered by the court,
and it was by the court ordered "that the amended complaint
be, and the same is hereby, stricken from the files in the
action in this case." A formal order of dismissal was filed

in the court on the 5th day of May, 1925. The order appears to be of January 14, 1925, but it is attested by the clerk as of May 5, 1925. From the final order of dismissal, this appeal is prosecuted.

The legal questions argued in the briefs may be considered under two heads: (a) Did the court err in sustaining the demurrer to the original complaint upon the ground that it appeared from the face thereof that the cause of action was barred by the 8-year period of limitation? (b) Is the cause of action alleged in the amended complaint a different cause of action from that alleged in the original complaint, and one sought to be maintained by another and different plaintiff? We shall consider these questions in the order named.

The first day of the week, Sunday, is, by the statutes of this state, declared to be a holiday. Section 6465 of the Comp. Laws Utah 1917, being a section of chapter 4 of the Code of Civil Procedure, and relating to the periods prescribed for the commencement of actions other than for the recovery of real property, provides that:

"An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States."

—shall be commenced within eight years. By Comp. Laws Utah 1917, § 5844, it is provided that:

"Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed."

It is conceded that October 15, 1922, was Sunday. The complaint alleged that the original judgment was obtained and entered in the district court of Salt Lake county on October 15, 1914. Section 5843 of Comp. Laws Utah 1917, provides that the time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded. Was the action barred by the foregoing provisions of our statute on the 15th day of October, 1922?

The language of the statute would seem to answer the question in the negative.

The Supreme Court of Montana has construed a similar statute. The second headnote to *Kelly* v. *Independent Pub. Co.*, 45 Mont. 127, 122 P. 735, 38 L. R. A. (N. S.) 1160, Ann. Cas. 1913D, 1063, is as follows:

"Rev. Codes, § 8067, which provides a method of computing the time in which 'any act provided by law' is to be done, does not refer to acts which the law provides shall be done, but rather to acts which may be done within a specified time; and it is applicable to the computation of a period of limitation."

The opinion of this court in *Jeremy Fuel & Grain Co.* v. *Denver & R. G. R. Co.*, 59 Utah, 266, 203 P. 863, is to the same effect.

Some contention is made that the fact that the 15th day of October, 1922, was Sunday is not alleged in the original complaint, and was not called to the attention of the court. The court is required to take judicial notice of the succeeding days of the weeks or months, and it is not nec-          **1, 2** essary to allege that any particular day falls upon a holiday, when, as here, it is provided by statute that such day is a holiday. Comp. Laws Utah 1917, § 7076, subd. 8; 23 C. J. p. 172, § 2005, note 15.

We are of the opinion, and so hold, that the filing of the complaint on the 16th day of October, 1922, was within the time prescribed by the sections of the statutes quoted for instituting an action, and that the trial court erred in sustaining the demurrer upon the ground that the cause of action was barred.

In the original complaint it is alleged in the body thereof that the plaintiff is a corporation. That allegation is omitted in the amended complaint. Upon that ground, as we understand counsel for respondent, it is his contention that a new or different plaintiff was substituted by the amended complaint. The allegation as to the corporate existence of the plaintiff was no part of the cause of action attempted to be stated in the complaint. The captions of the original complaint and amended complaint are identical. The allegations in the body of the original complaint and in the

body of the amended complaint, respecting the recovery of the judgment against the defendant in October, 1914, are identical. The defendants were not, and could not be misled by the omission from the amended complaint of the allegation of corporate existence. It does not appear why that allegation was contained in the original complaint, and it was doubtless surplusage, and inserted by some inadvertence on the part of counsel drawing the complaint. The action is prosecuted in the name of an individual, and there is no allegation in either the original or the amended complaint that the plaintiff was doing business otherwise than in his own name. *American Bonding Co.* v. *Dickey,* 74 Kan. 791, 88 P. 66.

The amended complaint was filed under and by virtue of an order of court permitting plaintiff to file such complaint. The mere omission of the allegation in the body of the complaint that the plaintiff was a corporation was not a substitution of a different party plaintiff, and could in no way affect plaintiff's right to maintain the action under his amended complaint. *Pugmire* v. *Diamond Coal & Coke Co.,* 26 Utah, 115, 72 P. 385; *American Bonding Co.* v. *Dickey,* 74 Kan. 791, 88 P. 66.

It does not appear from the record upon what ground the trial court sustained the motion to strike the amended complaint. The court had, by order made on the 9th day of September, 1924, granted the plaintiff the right to file said amended complaint. That order does not appear to have been set aside or vacated, and for aught that appears in the record it is still in full force and effect. Had the court exercised its discretion in refusing plaintiff permission to file an amended complaint at the date the application was made for that permission, we would be called upon to decide a different question. It for some reason exercised its discretion and granted permission to file an amended complaint, and, so long as that order remained in force and effect, the court should not have stricken the amended complaint. Plaintiff, by reason of the authority granted him in that order, filed the amended complaint on the date the

order was made. The original order of September 11, 1923, dismissing the action, was set aside and vacated on December 20, 1923. It does not appear that that order was at any subsequent date set aside or vacated. We must conclude, therefore, that the court, in its order striking the amended complaint and dismissing the action, proceeded upon the theory that the cause of action was barred by the statute of limitations, or that the plaintiff was a person other than the plaintiff named in the original complaint. If the court proceeded upon either of these theories, it erred, as we have attempted to point out.

The judgment of the district court, striking the complaint and dismissing the action is reversed, and the cause is remanded to the district court, with directions to reinstate said action; appellant to recover costs.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.