MILLS v. DENVER TRAMWAY CORPORATION.

No. 3259.

Circuit Court of Appeals, Tenth Circuit.

May 20, 1946.

Rehearing Denied June 15, 1946.

MURRAH, Circuit Judge, dissenting.

———◆———

Philip Hornbein, Jr., of Denver, Colo. (Philip Hornbein and Richard E. Bishop, both of Denver, Colo., on the brief), for appellant.

Donald B. Robertson, of Denver, Colo. (W. A. Alexander and James B. Young, both of Denver, Colo., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The appellant, Jack L. Mills, brought this action against the Denver Tramway Corporation in a state court of competent

jurisdiction in Colorado for damages for personal injuries suffered by him when he was struck by one of the company's streetcars. The cause was removed to the United States District Court for Colorado, where it was tried to a jury. Mills has appealed from a judgment entered upon a verdict for the company.

The accident occurred at the intersection of 28th Avenue and Williams Street in Denver, Colorado. 28th Avenue runs east and west, and Williams Street runs north and south. The company operates its streetcars over two sets of tracks on 28th Avenue. One track is used for the west-bound cars and the other for the east-bound cars. On the afternoon of the accident, Mills had alighted at the regular stop from a car going east. He had several packages and bundles in his arms. He waited until the car from which he had alighted had continued beyond him, and then, after giving some attention to rearranging the packages, turned and started to cross the north track. Before clearing these tracks, he was struck and severely injured by a streetcar going in a westerly direction. He testified that after crossing the first set of tracks, he glanced to the east for an approaching car, but seeing none, and not hearing any warning signal, he proceeded across the north tracks completely unaware of the approaching car until struck by it as he was clearing the last rail of the tracks. In addition to his testimony, a number of witnesses who were in a position to hear, testified that they heard no gong or warning signal from the approaching car. Mills also offered the testimony of a number of witnesses as to the speed of the approaching car. Their testimony fixed the rate of speed at all the way from ten to thirty miles per hour. One witness testified that the car was traveling at a fast rate of speed. The company relied upon the testimony of the motorman to establish what occurred immediately prior to the accident. The motorman testified that as he approached the intersection of 28th Avenue and Williams Street, the east-bound car had stopped to discharge passengers; that as he crossed the intersection and moved past the east-bound car he was traveling about ten to twelve miles per hour; that when he first saw Mills he was about five feet behind the car from which he had alighted, slowly walking in a northwesterly direction, approximately twenty to twenty-five feet from the streetcar; that after Mills walked out from behind the east-bound car he never looked to the east or to the west, and was apparently unaware of the approaching car until struck by it; that when he first saw Mills he immediately applied the emergency air-brake and brought the car to a complete stop about forty feet beyond where Mills was struck. He was not asked and did not testify whether he sounded a gong or bell or other warning signal. According to the undisputed evidence, all he did was to immediately apply the air-brakes and attempt to bring the car to a stop.

Mills tendered a requested instruction on the doctrine of last clear chance. The substance of the instruction was that even though he did not exercise reasonable care in crossing the tracks, nonetheless, if the motorman realized, or by the exercise of reasonable care, should have realized the peril and could have avoided the accident by stopping the car or ringing the gong, he was entitled to recover. The court refused to give this instruction on the grounds that under the Colorado decisions the plaintiff could not recover under the doctrine of the last clear chance "when the evidence discloses that his negligence or contributory negligence was continuous up to the time of the accident." It must be conceded that Mills' negligence was continuous up to the time of the accident. While he testified that he glanced to the east before he entered upon the tracks, but saw no approaching car, the jury evidently disbelieved him. But even if he did glance to the east, he was still under the duty to maintain a vigilance while crossing the tracks, and this he admittedly failed to do.

The trial court, however, misconstrued the effect of the Colorado law as declared by the decisions of the Supreme Court relating to the applicability of the doctrine of the last clear chance. The trial court correctly interpreted the effect of Section 479 on Torts, Restatement of the

Law, but fell into error by failing to give consideration to Section 480 of the Restatement of the Law on Torts. Apparently the court concluded that Section 480 did not apply in Colorado. In Independent Lumber Co. v. Leatherwood, 102 Colo. 460, 79 P.2d 1052, the Colorado Supreme Court considered these two sections and stated that the law in Colorado was controlled by Section 479 and not by Section 480. This decision apparently is the one upon which the trial court relied in reaching its conclusions in this matter. The general difference between the two sections which the Supreme Court had under consideration in that case is that under Section 480 a defendant is liable under the doctrine of the last clear chance only in those cases in which it discovers the plaintiff's peril and thereafter is able, by the exercise of due care, to avoid injury; while under Section 479 it is liable also in those cases in which it could, by the exercise of reasonable care, have discovered the peril and thus have been able to avoid injury. All the Leatherwood case decides is that Section 479 states the correct rule to be applied in all cases where the defendant knew, or by the exercise of reasonable care, could have ascertained, plaintiff's perilous situation and thus have avoided the injury. There is no intimation in the opinion that the other provisions of Section 480 not found in Section 479 are not the law of Colorado. Section 480 also provides that an inattentive plaintiff who could, by the exercise of reasonable care, ascertain his danger from defendant's negligence in time to avoid injury, may nevertheless recover if the defendant realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid injury, and thereafter failed to utilize with reasonable care its then existing ability to avoid harming the plaintiff.

■ From the motorman's own testimony, it is clear that from the first instant he realized that Mills was inattentive and oblivious to his peril. He was therefore required to do not only everything he could to avoid striking him by bringing his car to a stop, but was further required to do everything he could to warn him of his danger. Failure to do this would make the defendant liable under the doctrine of the last clear chance if such warning could have prevented the injury. The uncontradicted evidence is that no gong or warning signal was sounded by the motorman as he approached the intersection or after he saw Mills crossing the tracks without giving heed to his perilous position. Failure to do this clearly brought into play the doctrine of the last clear chance. Whether the sounding of a gong or signal would have enabled Mills to extricate himself from his perilous position was a question of fact which should have been submitted to the jury under a proper instruction relating to the doctrine of the last clear chance.

■■ When the request for an instruction on the doctrine of the last clear chance was made, the court stated that there was no evidence that the streetcar had a gong or bell. Mills thereupon made a feeble effort, in which he failed, to actually prove that the car had a warning device. One is not required to submit proof in the first instance, to make a case, of a fact which is a matter of common knowledge to all intelligent men. Courts will take judicial notice of all facts which are generally known and accepted. The Colorado Supreme Court, in Gray v. Huntley, 77 Colo. 478, 238 P. 53, 55, quoted with approval the following statement from 15 R.C.L., Judicial Notice, § 2: "Justice does not require that courts profess to be more ignorant than the rest of mankind." It is doubtful if a case could be found in which it was ever intimated that a plaintiff must prove that a railroad engine had a bell or whistle before he could charge the company with negligence in failing to ring the bell or blow the whistle. We have judicial knowledge, together with all intelligent men, that automobiles are equipped with horns, because we know that such is the fact. It is doubtful if there is a streetcar in the world that is being operated upon the thoroughfares of any city that is not equipped with some warning device. It would be the gravest culpable negligence to operate a streetcar without such a device. No serious contention was made in the trial court or is made on appeal that

whether the streetcar was equipped with a warning device was an issue in the case. If the company intended to put that issue in effect, it had the affirmative burden to establish that this particular car had no warning device. A mere statement by the attorney that he did not know whether the car had a gong or bell would not put the matter in issue. The court should have judicially noted that the streetcar did have a warning device, in the absence of any testimony to the contrary, and it was error for the court to refuse to submit the proffered instruction.

■■■■■ Mills did not request the trial court to take judicial notice of the fact that streetcars are equipped with warning devices. But that does not prevent the point from being raised for the first time on appeal, nor does it prevent us from noting it on our own accord. Whether an appellate court will for the first time take judicial notice of a judicially notable fact rests largely in its own discretion. There are numerous cases in which appellate courts have reversed the lower courts by taking judicial notice for the first time on appeal of a fact which was not called to the attention of the trial court.[1]

In New York Indians v. United States, 170 U.S. 1, 32, 18 S.Ct. 531, 540, 42 L.Ed. 927, the Supreme Court said: "While it is ordinarily true that this court takes notice of only such facts as are found by the court below, it may take notice of matters of common observation, of statutes, records, or public documents which were not called to its attention, or other similar matters of judicial cognizance." Christy v. Wabash Railroad Co. 195 Mo.App. 232, 191 S.W. 241, contains a good discussion of the distinction between judicial knowledge and judicial notice. It is pointed out that certain facts are of such a nature that a court, together with all men, has knowledge thereof without first having its attention directed thereto, while as to other facts a court may be without knowledge but

will take judicial note thereof if its attention is directed thereto. It is of course more important that a court's attention be specifically directed to those matters of which it will take judicial notice but of which it, as a matter of fact, has no actual knowledge, than it is to actively direct its attention to those matters of which it, together with other men, has knowledge. Having such knowledge, a court should judicially notice it, even though its attention is not specifically directed thereto.

Whether the sounding of the gong when the motorman admittedly knew that Mills was inattentive would have prevented the accident is a question of fact which goes to the very heart of the controversy. A jury might well have concluded that it would not have prevented the injury. On the other hand, it could as well have concluded that had the motorman sounded the gong, Mills' attention would have been directed to the danger which confronted him and that he would then quickly have taken that one step which would have saved him from injury.

■■■■■ Finally, the company asserts that under the Colorado law Mills was required to affirmatively plead negligence predicated on the doctrine of the last clear chance, and, having failed to do so, he may not now rely thereon. It is not necessary to determine whether this correctly states the Colorado rule, because the parties, with the assent of the court, tried the case on the theory that the doctrine of the last clear chance was within the issues. Where parties join in trying a case on the theory that certain matters are within the issues, they will be held to it and will not be permitted for the first time on appeal to shift their position. San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L.Ed. 680.

The judgment of the trial court is accordingly reversed, and the cause is remanded with directions to grant a new trial

[1] For some of these cases, see: New York Indians v. United States, 170 U.S. 1, 18 S.Ct. 531, 42 L.Ed. 927; Rogers v. Cady, 104 Cal. 288, 38 P. 81, 43 Am.St. Rep. 100; Hunter v. N. Y. O. & W Ry. Co., 116 N.Y. 615, 23 N.E. 9, 6 L.R.A. 246; Nelson v. Jorgenson, 66 Utah 360, 242 P. 945; Sentinel Co. v. A. D. Meiselbach Motor Wagon Co., 144 Wis. 224, 128 N.W. 861, 32 L.R.A.,N.S., 436, 140 Am.St.Rep. 1007.

and proceed in conformity with the views expressed herein.

MURRAH, Circuit Judge (dissenting).

In reversing the trial court for failure to submit the case to the jury on the doctrine of last clear chance, the majority take judicial notice of a fact which was disputed below and of which the trial court was not asked to take judicial notice. Because this view is so completely repugnant to my conception of the law of judicial notice, I must respectfully dissent.

It is my view, first, that since the question whether the streetcar was equipped with a gong was a disputed fact, the trial court could not take judicial notice of it; and, second, in any event the court was not required to take judicial notice of the fact and so instruct the jury, unless requested to do so. The case having been tried on the theory that the question whether the streetcar was equipped with a gong was not an established fact, or one of which the trial court must take judicial notice, the case cannot be decided on that theory in this court.

It is agreed that we have an inattentive plaintiff, as contemplated by Section 480 of Restatement of the Law of Torts; that is, a case wherein the plaintiff has negligently placed himself in a perilous position of which he is unaware, but of which the defendant is aware. And, to further define the issues, it is agreed that in these circumstances it was the duty of the motorman to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff.

Only two things are suggested which the motorman could have done in the circumstances, (1) stop his car before he reached the plaintiff, and (2) warn plaintiff by sounding a gong in order that he might extricate himself from the perilous situation. The undisputed evidence is that at the instant the motorman first saw and realized that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, he applied his emergency airbrakes, thereby bringing his car to a stop in the shortest possible distance. If this was the extent of the defendant's "existing ability to avoid harming the plaintiff" there is nothing to submit to the jury on the last clear chance doctrine.

The case was tried and submitted to the jury on this theory. The trial court recognized that under both Sections 479 and 480 of the Restatement of the Law of Torts, the defendant was required to exercise vigilance and use whatever means at his command to avoid injury after plaintiff's peril had been discovered. The court, however, observed that under the uncontradicted evidence the motorman applied his brakes promptly after discovering the plaintiff and that since there was no evidence in the case that the streetcar was equipped with a gong, the defendant had exercised every means at his command to avoid harming plaintiff.

At this point in the record, counsel for plaintiff stated that he had asked permission to reopen the case in order to prove that the streetcar was equipped with a gong. Whereupon the trial court also stated for the record that while in chambers plaintiff had stated that if permitted to reopen he would prove that the streetcar was equipped with a gong by the testimony of counsel for defendant, who had stated that "he had no knowledge about it"; that when the court convened plaintiff did not ask leave to reopen the case for the purpose of presenting any further testimony. Thus, it seems plain enough that the question whether the streetcar was equipped with a gong was a disputed fact, upon which plaintiff had the opportunity to either submit direct proof, or if he chose to do so, ask the court to take judicial notice of the fact—he did neither. He now asks the appellate court to take judicial notice of a crucial fact on which he neither offered proof nor of which he asked the trial court to take judicial notice.

If plaintiff expected to rely upon the doctrine of last clear chance, it was incumbent upon him to affirmatively prove facts entitling him to an instruction on that issue. Surely the burden is not upon the defendant to affirmatively prove facts which will disentitle plaintiff to the benefit of the rule in the absence of some evidence on this point. If I read aright the

statement of the majority, it is to the effect that the defendant had the affirmative burden to establish that the streetcar was not equipped with a warning device; this in the face of the total absence of any evidence by plaintiff on this contested point. No authority is cited for this statement, and I have found none.

I agree with my brethren that courts may take judicial notice of all facts which are generally known and accepted, but if there is any possibility of dispute, the fact cannot be judicially noticed; if there is any doubt whatever either as to the fact itself or as to it being a matter of common knowledge, evidence should be. required. See Communist Party of the United States v. Peek, 20 Cal.2d 536, 127 P.2d 889, 895; Sherman & Redfield on Negligence, Vol. 1, p. 174; 23 Words & Phrases, Perm.Ed., pp. 294, 295; Montgomery-Ward v. Peaster, Tex.Civ.App., 178 S.W. 2d 302, 307; State v. Finch, 128 Kan. 665, 280 P. 910, 66 A.L.R. 1369; Wigmore on Evidence, Vol. 5, Section 2565, et seq.; Amer.Juris. on Evidence, Vol. 20, Section 16. I seriously doubt the propriety of the court taking judicial notice that all streetcars are equipped with a gong when the question is a disputed fact. But, conceding that the court was authorized to take judicial notice that the streetcar was equipped with a gong, it was not legally bound to do so.

There is a real distinction between judicial notice and judicial knowledge, says Justice Cardozo in Shapleigh v. Mier, 299 U.S. 468, 57 S.Ct. 261, 81 L.Ed. 355, 113 A.L.R. 253. The distinction is made plain and the rule governing the application of the doctrine of judicial notice is fully treated in an annotation in 113 A.L.R. 258. The court is bound to take judicial notice of the law, such as a treaty, or other official documents. See New York Indians v. United States, 170 U.S. 1, 18 S.Ct. 531, 42 L.Ed. 927; Jones v. United States, 137 U.S. 202, 214, 11 S.Ct. 80, 34 L.Ed. 691; Strickland v. Humble Oil & Refining Co., 5 Cir., 140 F.2d 83, 86. But, it is not required to take judicial notice of a fact sua sponte without suggestion of counsel. Wigmore says that "judicial notice being a dispensation of one party from producing evidence, it would seem that the party must in point of form make a request for it." 5 Wigmore Evidence, 2nd Ed., Sec. 2568. "The explanation is that facts susceptible of notice are nevertheless matters of evidence, and an appellate tribunal can only review evidence considered by the court below." 1 Jones, 2nd Ed., Sec. 474.

We all agree that the question whether the sounding of a gong would have awakened the inattentive plaintiff in time to have prevented the accident was a factual question for the jury, if presented on the record. The plaintiff requested the court to instruct the jury in effect that if they found that the motorman could have avoided the accident by stopping the streetcar or by ringing the gong, plaintiff was entitled to recover, but he did not request the court to instruct the jury that they could take judicial notice of the fact that the streetcar was equipped with a gong. When the absence of any evidence to the effect that the streetcar was equipped with a gong was brought squarely to plaintiff's attention, he neither offered any evidence on that point, nor asked the court to take judicial notice of it. The case was not tried on the theory that the court should take judicial notice that the streetcar was equipped with a gong and so instruct the jury on that fact, and it should not be tried on that theory here.

I would affirm the judgment of the trial court.