## TYLER v. STARKE.

### No. 7960.

United States Court of Appeals for the District of Columbia.

Argued May 12, 1942.

Decided June 8, 1942.

Mr. James Shenos, of Washington, D. C., for appellant.

Mr. Alfred Goldstein, with whom Mr. James A. O'Shea was on the brief, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

PER CURIAM.

Appellant brought this action in the District Court to recover damages for personal injuries sustained by her in the District of Columbia as the result of being struck by an automobile owned and driven by appellee. The accident occurred about one o'clock at night on the roadway of 11th Street, S. E., in the middle of the block between D Street and South Carolina Avenue. There was a directed verdict for the defendant.

At the trial appellant testified that she had walked north on the east side of 11th Street to a point opposite her home, located in the middle of the block on the other side of the street; that she stepped into the roadway between two parked cars, looked first to the south toward Pennsylvania Avenue and saw no traffic, and then to the north and saw the headlights of an approaching car at the northwest corner of South Carolina Avenue and 11th Street, approximately 245 feet away; that she "figured" she had time to cross before the car reached her; and that at a "faster than normal walk", but without again looking, she/continued across the street to a point about 9 feet from the west curb, where she was struck. The 11th Street roadway is 45 feet wide.

If the evidence had gone no further, we are disposed to think we should agree in the conclusion reached by the trial court that appellant was not entitled to recover, for, under the circumstances, she was guilty of negligence in crossing in the middle of the block and in failing to continue to look as she crossed.[1] But before closing

---

[1] D. C. Traffic Regulations, Art. III, Sec. 5(d):

Every pedestrian crossing a roadway at any point other than within a marked or unmarked cross-walk shall yield the right-of-way to vehicles upon the roadway.

her case appellant called appellee as her witness. His testimony was, in effect, that when he first saw appellant she was about 40 feet away;[2] that he was traveling 18 or 20 miles an hour; and that he put his brakes on as soon as he saw her and swerved to the left. This put in issue the question, whether the circumstances were such as to make applicable the last clear chance doctrine; or, stated otherwise, whether fair minded men might reasonably draw from the admitted facts the conclusion that appellee, just prior to the collision, was aware of, or in the exercise of reasonable care should have been aware of, appellant's danger and of her obliviousness to it in time to avoid injuring her. Stewart et al. v. Capital T. Co., 70 App.D.C. 346, 348, 108 F.2d 1; Toledo, St. L. & W. Ry. Co. v. Allen, 276 U.S. 165, 48 S.Ct. 215, 72 L.Ed. 513. As we have seen, appellee admittedly realized the danger when he was 40 feet away. If his car was then being driven only 18 or 20 miles an hour, the question arises whether, in the exercise of reasonable care, he could then (a) have so controlled it as to avoid the accident, or (b) seeing appellant's peril and her obliviousness to it, could have warned her of the danger in time to enable her to place herself in a position of safety. And there is still another question, namely; whether, in the exercise of reasonable care, he should have seen the woman's danger and her obliviousness to it sooner and slowed down or blown his horn. There was enough in the evidence, we think, to require the submission of these questions to the jury under proper instructions.

Reversed and remanded with instructions to grant a new trial.

---

[2] The witness placed the distance at 15 feet, but when asked to estimate the distance by physical objects in the court room, indicated a distance of 40 feet.