## HERRON v. WILSON.
### No. 14194.

United States Court of Appeals
Eighth Circuit.
Dec. 21, 1950.

---

by appellant. This appeal is from a judgment entered on a jury verdict.

The accident in which appellee's wife was instantly killed occurred on the Lindbergh Highway at its intersection with the Missouri Bottoms Road in St. Louis County, Missouri. The Lindbergh Highway is a heavily-traveled, four-lane highway, paved with concrete, 40 feet wide. The only witnesses to the accident were the appellant and a woman passenger in his automobile. There is no conflict in their testimony.

Appellant was driving a Dodge pickup truck to which was attached a house trailer. He was moving south in the west or extreme right hand lane of the pavement. When he came over the crest of a hill between 1000 and 1100 feet from the point of the accident, he observed the deceased standing on the shoulder on the east or left hand side of the highway. Almost immediately the deceased started across the highway from the east to the west, walking at a normal rate of speed for a woman of her age and size, and looking neither to the left nor right. The day was clear. The concrete pavement was dry. Appellant had an unobstructed view ahead for approximately one-half mile in which there were no other vehicles moving on the highway.

As appellant came over the hill the speed of his truck was approximately 40 miles an hour. He said that with the means at his disposal he could stop the truck with the trailer attached in a distance of 100 feet. He sounded his horn, to which apparently the deceased paid no attention. He continued to watch the woman walking across the highway and, as she neared the center line she glanced in his direction, but neither decreased nor increased the speed at which she was walking. Appellant continued to sound his horn without decreasing the speed of his truck while the deceased continued steadily on her way apparently oblivious of the approaching truck and trailer. When she was in the act of stepping into the lane in which the truck was moving, appellant turned his truck to the right on to the shoulder of the highway and applied his brakes, but failed to stop before striking the deceased. When struck the deceased had reached a point approximately 15 inches

Thomas W. Chapman, St. Louis, Mo. (Harlan & Harlan, St. Louis, Mo., and Chapman & Chapman, St. Louis, Mo., on the brief) for appellant.

C. V. Barnhart, St. Louis, Mo. (Barnhart & Wood, Marvin S. Wood and Walter J. Kramer, all of St. Louis, Mo. and Oliver R. Farrell, University City, Mo. on the brief) for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellee brought this action for damages for the death of his wife, Hazel Wilson, when struck by a motor vehicle driven

from the west side of the concrete pavement. At that time the center line of the truck was directly over the edge of the concrete pavement. Appellant does not deny that he could have avoided striking the deceased at any time after she crossed the center line of the highway and before she entered the traffic lane in which his truck was moving. Indeed, the evidence shows that the appellant could have avoided the accident had he discovered the peril of deceased at any time before he acted to avoid the accident. On this evidence the court submitted the case to the jury under the Missouri humanitarian rule, charging the jury as follows: "* * * if you find and believe from the evidence that * * * Hazel Wilson, wife of the plaintiff * * * was in a position of imminent peril and danger of being struck and fatally injured by the automobile truck operated by the defendant, and if you find defendant saw or by the exercise of the highest degree of care could have seen Hazel Wilson in such position of imminent peril and danger in time thereafter for defendant, by the exercise of the highest degree of care, with the means at hand, with safety to himself, his passenger, and the automobile and house trailer operated by him, to have stopped said vehicle or to have sufficiently slackened the speed thereof, and by so doing could have prevented striking and killing Hazel Wilson, but that defendant failed so to do and was thereby negligent; and if you further find that such negligence directly caused or contributed to cause Hazel Wilson to be struck and fatally injured, then your verdict should be for the plaintiff and against defendant. And this is true even though you should also find and believe from the evidence that some act of Hazel Wilson directly contributed to her getting into or being in the aforesaid position of peril, if you so find."

Appellant does not criticize this charge, but, accepting it as a correct statement of the Missouri humanitarian rule of negligence, contends that under the evidence the court should have directed the jury to return a verdict for appellant. The argument is that the evidence, viewed in the light most favorable to appellee, conclusively shows that the deceased was never in a position of peril until she entered the lane of the highway in which appellant's truck was moving, that until that moment appellant, having sounded his horn and having observed deceased glance in his direction, was under no duty to decrease the speed of his truck or to change his course, and that thereafter with the means at his disposal it was impossible for him to avoid striking deceased.

▮ The argument hardly merits consideration. Clearly it was for the jury and not for the court to say when Hazel Wilson reached a position of imminent danger, and whether in the exercise of the highest degree of care imposed upon him by Missouri law the appellant could have discovered her peril in time to have avoided her injury. The Missouri humanitarian rule applies to "a plaintiff going into or continuing in peril, oblivious of the danger, though his being oblivious is due to his own negligence, and he could, if he would, avoid the impending danger. * * * Just where the danger zone commences, in any case where a person is proceeding toward the path of a fast moving train or automobile, is usually a doubtful matter, and it is a question of fact for the jury under the circumstances of that particular case, if there is a reasonable question about it." Womack v. Missouri Pac. R. Co., 337 Mo. 1160, 88 S.W.2d 368, 370, 372. In this case, in which defendant's servants were charged only with ordinary care, the Missouri court held that it was not necessary that the circumstances be such as to convince the defendant that plaintiff was inattentive. "It is enough that the circumstances are such as to indicate a reasonable chance that this is the case. Even such a chance that the plaintiff will not discover his peril is enough to require the defendant to make a reasonable effort to avoid injuring him." 88 S.W.2d at page 371.

▮ "The extent of the danger zone where a person in imminent peril should be seen by the one causing the injury is a question for the jury." Johnson v. Hurck Delivery Service, Inc., 353 Mo. 1207, 187 S.W.2d 200, 202. That the extent of the danger zone in a case of this kind varies with the facts in each particular case and

that it is for the jury to say when a person approaching the path of a rapidly moving vehicle enters a place of danger and when his peril should have been discovered by the operator of the vehicle is ruled by many Missouri decisions. Brown v. Alton R. Co., 236 Mo.App. 26, 151 S.W.2d 727, 742; Swain v. Anders, 235 Mo.App. 125, 140 S.W.2d 730, 735, in which it was said that in determining the sufficiency of the evidence to sustain a case under the humanitarian rule neither the court nor the jury "are required to gauge with fine accuracy the time and distances, or the feet and seconds in determining whether the defendant could have stopped his truck, slackened the speed thereof or swerved to the right and thereby avoided injury to the deceased." Wright v. Osborn, 356 Mo. 382, 201 S.W.2d 935, 937, 938; Perkins v. Terminal Railroad Association of St. Louis, 340 Mo. 868, 102 S.W.2d 915, 921; Marczuk v. St. Louis Public Service Co., 355 Mo. 536, 196 S.W.2d 1000, 1002; Teague v. Plaza Express Co., 354 Mo. 582, 190 S.W.2d 254, 258.

Appellant's argument ignores the fact that although the deceased when in the center of the highway looked in his direction she never hesitated in her course toward the path of his automobile, but continued on as if unaware of its approach or, if aware, entirely oblivious of the danger to her in proceeding on her course. In many of the cases cited above the Missouri courts have discussed the duty of the driver of an automobile in similar situations, and in all of them the rule announced is that the duty of the driver of the motor vehicle to act arises as soon as the circumstances are such as to indicate that the injured person may not discover his peril in time to avoid injury.

Appellant also complains of the court's refusal to receive certain evidence tendered by him. Some months before the trial of this action the appellee took the deposition of appellant, and at the trial read parts of the deposition to the jury. Appellant offered to read other parts of the deposition as explanatory of the parts received in evidence, and also offered the whole deposition in evidence. The court declined to receive the deposition in its entirety and refused to permit appellant to read some of the proffered questions and answers given by appellant in the deposition. While we think the court might well have received the whole deposition or at least the parts which appellant particularly offered in evidence, it is clear from this record that no prejudicial error was committed by the court's ruling. The appellant was present at the trial. All his testimony excluded by the ruling of the court was received from appellant as a witness. The jury was fully informed as to appellant's version of the accident.

The judgment of the District Court is affirmed.