**KANSAS CITY PUBLIC SERV-
ICE CO.**

v.

**TAYLOR.**

**No. 14920.**

United States Court of Appeals
Eighth Circuit.

Feb. 17, 1954.

Rehearing Denied March 6, 1954.

Sam Mandell, Kansas City, Mo.
(Charles L. Carr, E. E. Thompson and
Popham, Thompson, Popham, Mandell &
Trusty, Kansas City, Mo., on the brief),
for appellant.

Robert S. Eastin, Kansas City, Mo.
(Stanley Garrity, W. H. Sanders and
Caldwell, Downing, Garrity & Eastin,
Kansas City, Mo., on the brief), for ap-
pellee.

Before SANBORN, WOODROUGH,
and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for
the plaintiff (appellee) in a personal in-
jury action tried to a jury. Jurisdiction
was based on diversity of citizenship.

The accident which caused the plain-
tiff's injuries occurred on November 20,
1951, about 5:00 p.m., at or near the in-

**4**

tersection of Baltimore Avenue and Tenth Street in Kansas City, Missouri, when the plaintiff, in crossing Tenth Street, came into collision with a passenger bus of the defendant (appellant) which had come from the south on Baltimore and was making a right turn to the east into Tenth Street.

The plaintiff's complaint was based upon the claim that the accident and his injuries were the proximate result of the negligence of the bus driver in failing (1) to keep a proper lookout, (2) to sound a warning, (3) to yield the right of way to the plaintiff, a pedestrian on a crosswalk proceeding with a green light, and (4) in failing to use due care to avoid striking the plaintiff after the driver knew or should have known that the plaintiff was in a position of imminent peril (humanitarian negligence).

The defendant denied liability, and asserted that the accident and the plaintiff's injuries were caused or contributed to by his failure to use ordinary care for his own safety and by crossing Tenth Street at a place other than a marked crosswalk.

Baltimore Avenue, 36 feet in width, in the district where this accident occurred is a one-way street for northbound traffic. Tenth Street, 42 feet wide, crosses Baltimore and is a one-way street for eastbound traffic. Traffic at the intersection is controlled by traffic lights, and the crosswalks or pedestrian lanes are marked. The crosswalk on the east side of Baltimore, crossing Tenth Street, is about 12 feet wide.

An ordinance of Kansas City provides that no pedestrian shall cross a roadway within the district where the accident occurred "at any point or place other than at a marked or unmarked crosswalk." The ordinance provides that "A pedestrian crossing or starting across a roadway at a crosswalk or intersection on a green signal or pedestrian 'Walk' signal shall have the right of way over all vehicles, including those making turns, until such pedestrian has reached the opposite curb or safety zone, and it shall be unlawful for the operator of any vehicle to fail to yield the right of way to any such pedestrian."

The evidence of the plaintiff was that just before the accident occurred he was walking north on the east side of Baltimore toward Tenth Street, intending to cross that street and to continue north on the same side of Baltimore to Ninth Street; that when he reached the curb at Tenth Street he waited for the traffic light facing him to turn from red to green; that when that occurred he started across Tenth Street on the crosswalk, glancing to see that nothing was coming around the corner; that he was conscious of a bus standing near the curb in the loading zone on the east side of Baltimore, south of the crosswalk; that the bus was loading passengers and was at least 14 feet behind him; that he proceeded at an ordinary gait within the crosswalk until he was "possibly" two-thirds of the way across Tenth Street, when he was struck by the bus.

The evidence of the defendant was to the effect that the plaintiff, in crossing Tenth Street, did not follow the crosswalk, but was a substantial distance east of it, "jaywalking" in a northeasterly direction, when he was struck. The defendant's version of the events leading up to the accident finds support in the physical facts. The bus, which had stopped at Tenth Street, waiting for the green light, was turning slowly into Tenth Street. When the bus and the plaintiff both came to a stop after the accident, he was lying about 46 feet east of the east boundary line of the crosswalk where he claims to have been struck. He was near the front wheels of the bus.

The plaintiff's explanation of being east of the crosswalk after the collision was that when he was struck by the bus he did not fall, that he was knocked forward to the east, that he "took steps, either ran or jumped or something, toward the east," trying to get his balance, and then it seemed to him that he "turned sort of to the south"; that the next thing he remembers he was on the pavement, being rolled or dragged with his foot caught in the wheel of the bus, going

around with the bus wheel; that he had a recollection of the wheel of the bus going around two or three times with his foot caught in it, and of being rolled over several times on the pavement, although he testified that his glasses were not knocked off and that he had no cuts or bruises about his face or the front part of his body.

At the close of the evidence the defendant moved for a directed verdict on the grounds (1) that, under the evidence, the plaintiff was guilty of contributory negligence as a matter of law, (2) that the plaintiff had failed to prove any actionable negligence on the part of the defendant, and (3) that the plaintiff had failed to make a case for the jury under the Missouri humanitarian rule of negligence.

The defendant's motion was not granted. There were no requests for instructions, so far as the record shows. The case was submitted to the jury under instructions and supplemental instructions, to which the defendant took only the following exception:

"The defendant's exception to the supplemental charge is that the Court did not, after calling the jury back and giving them further instructions upon the humanitarian doctrine, advise them that in any event the plaintiff is not entitled to recover unless the initial impact occurred within the boundary lines of the crosswalk."

Upon this record, the only questions for our consideration are: 1. Did the court err in denying the defendant's motion for a directed verdict? 2. Was the single exception of the defendant to the instructions of the court well taken? The defendant may not, on review, complain of instructions to which it did not object, Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., nor may it raise questions of law here which were not presented to or ruled upon by the District Court. Hoyt v. Clancey, 8 Cir., 180 F.2d 152, 154; Barnard v. Wabash Railroad Co., 8 Cir., 208 F.2d 489.

It is apparent that if, at the close of the evidence, the issue of liability was, under the rules of common law negligence or under the Missouri humanitarian doctrine, an issue of fact for the jury, the District Court did not err in refusing to direct a verdict for the defendant.

Assuming, without deciding, that, under the evidence most favorable to the plaintiff, he was conclusively shown to have been guilty of contributory negligence, that would not have constituted a defense under the Missouri humanitarian doctrine nor have justified the District Court in directing a verdict for the defendant. Noland v. Pastor, 8 Cir., 191 F.2d 1009, 1012; Illinois Terminal R. Co. v. Creek, 8 Cir., 207 F.2d 475, 481. The District Court was not requested by the defendant to eliminate the issue of common law negligence from the case, and no exceptions were taken by the defendant to the court's instructions relative to that issue.

There are no precise standards for determining the scope or applicability of the Missouri humanitarian doctrine. This Court has repeatedly said that where the sufficiency of evidence to make a case for a jury presents a doubtful question of local law this Court will accept the views of the trial judge unless convinced they are erroneous; and that all this Court can reasonably be expected to do is to see that the determination of the trial court was not induced by a clear misconception or misapplication of the local law. Illinois Terminal R. Co. v. Creek, supra, 207 F.2d 475, 479 and cases cited; Barnard v. Wabash Railroad Co., supra, 208 F.2d 489. The burden of demonstrating error in cases controlled by local law is a peculiarly heavy one. Kimble v. Willey, 8 Cir., 204 F.2d 238, 243.

We think the District Court, notwithstanding the improbabilities in the plaintiff's testimony, see and compare Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 439–440, was justified in ruling that the issue of the liability of the defendant was not, under the evidence, a question

of law for the court, but one of fact for the jury.

We find no merit in the defendant's contention that the court did not make clear to the jury that they must find that the plaintiff, in order to recover, was within the boundaries of the crosswalk when struck by the bus. As we read the court's charge, the jury were given to understand that, in order to prevail on any theory, the plaintiff must have been struck while on the crosswalk. Whether the court's instructions in this regard, as applied to the issue of negligence under the humanitarian doctrine, were too favorable to the defendant, as the plaintiff asserts, it is unnecessary to decide.

The judgment appealed from is affirmed.