**WABASH R. CO. v. JOHNSON.**

No. 14968.

United States Court of Appeals,
Eighth Circuit.

April 16, 1954.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

On October 1, 1952, at about noon, Charles Johnson, an employee of the Fix Fuel and Material Company, of Jennings, Missouri, was directing the movement of a coal car which was being spotted for unloading at a conveyor pit of the Fix Company. The pit was under the rails of the team track upon which the car was being moved. Robert Schramm, eighteen years of age, was "inching" the car along with a pinch bar. Don Neely was on the top of the car for the purpose of setting the brake when signalled to do so by Johnson, who was on the ground, in a stooped position, looking under the car in order to see when the hopper or outlet in the floor of the car was lined up over the conveyor pit into which the coal was to be dumped. Johnson was standing close to the passing track which adjoined the team track. A switch engine, manned by a switching crew of the Wabash Railroad Company, was pushing two box cars along the passing track at a speed of one mile an hour

toward where Johnson was standing. Johnson was intent upon his work, heard no signal or warning, and was unaware of the approach of the cars. He was struck by the first car, knocked down, and lost his right arm under the wheels of the car.

Johnson, as plaintiff, brought this action against the defendant, Wabash Railroad Company, to recover damages for his injuries, asserting that the defendant was guilty of actionable negligence in the operation of its train with respect to speed, the giving of warning, and failure to avoid striking the plaintiff after knowing or being charged with knowledge that he was in a position of imminent peril. The defendant denied liability, and asserted that the accident was caused or contributed to by the negligence of the plaintiff. Federal jurisdiction is based on diversity of citizenship and amount in controversy.

The issues were tried to a jury. The defendant moved for a directed verdict. The court denied the motion. The jury returned a verdict for the plaintiff, upon which judgment was entered. The defendant moved for judgment notwithstanding the verdict. The court refused to disturb the judgment for the plaintiff, and this appeal followed.

The defendant is of the opinion that the plaintiff's evidence was insufficient to make a case for the jury under the Missouri humanitarian rule of negligence and that the court should have directed a verdict for the defendant.

No useful purpose would be served by attempting to state the evidence in detail. The accident happened in a railroad yard at Jennings, Missouri, where switching was done every day. The plaintiff was entirely familiar with his surroundings and should, no doubt, have exercised greater care than he did for his own safety. There could be no complaint about the speed of the train, which was going so slowly that it could have been stopped within a few feet at any time. There is some uncertainty about whether the bell on the engine was ring-ing at the time of the accident. The progress of the train was accompanied by the usual noises incidental to the slow movement of box cars and a Diesel switch engine along a track.

The defendant recognizes, of course, that this Court, in reviewing the sufficiency of the evidence to make a case for a jury, is obliged to give the plaintiff the benefit of all reasonable inferences which can be drawn from the evidence most favorable to him. The defendant's contention is, that, giving the plaintiff the benefit of every possible doubt as to the facts, he still fell short of making a prima facie case of liability.

The defendant in its brief says:

"According to plaintiff's own testimony:

"1. He was thoroughly familiar with the yard and track in question.

"2. He knew that 'switching was done there every day; some days more, some days less,' and he 'never did know in advance just how much was going to be done.'

"3. He 'could hear the engine bell ringing if it would ring,' but did not hear it that day.

"4. He knew the train went back and forth all the time; knew that it had gone to the switch at the reclamation plant, 388 feet away, and did not know when it was coming back.

"5. He knew the trains sometimes moved without sounding a warning and would generally look for them, 'but this day I was busy when I was hit, looking under the car, and was not looking that way at all.'

"6. He had frequently had occasion, while working, to step out of the way of cars that came along there, and had done so a number of times.

"7. The reason he did not see the train that struck him was because he was 'fully intent on my

work watching that hopper and the pit, and ready to block the wheel if it was necessary.' "

■ If it were not for the Missouri humanitarian doctrine, in reliance upon and in accordance with which the District Court submitted the case to the jury, the defendant's assertion that the plaintiff's contributory negligence would be fatal to his case might be unanswerable. But contributory negligence does not bar a recovery under the Missouri humanitarian rule. Noland v. Pastor, 8 Cir., 191 F.2d 1009, 1012; Illinois Terminal R. Co. v. Creek, 8 Cir., 207 F.2d 475, 479–481; Kansas City Public Service Co. v. Taylor, 8 Cir., 210 F.2d 3, 5.

■ The factual picture disclosed by the evidence favorable to the plaintiff is that of a man dangerously near the passing track upon which the train was approaching, intent upon his work of lining up the coal car on the team track over the conveyor pit, obviously oblivious to the approach of the train but in plain sight of members of the switch crew, who were able at any time to stop the train within a few feet, but who failed to do so in time to avoid the accident. That, as we understand the Missouri humanitarian rule of negligence, presents a case for a jury. Herron v. Wilson, 8 Cir., 186 F.2d 72, 74; Illinois Terminal R. Co. v. Creek, 8 Cir., supra, at page 479 of 207 F.2d.

■■ In fairness to the defendant's switch crew, if their testimony relative to this accident was correct, they had every reason to believe that the plaintiff was aware of the approach of the train and no reason to suppose he was in any danger of being struck or run over, and the accident was due to no negligence on their part. The jury, however, were the judges of the facts, the credibility of the witnesses, and the weight of the evidence. We cannot concern ourselves with the question whether an error of fact was committed by the jury. See Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 444.

It is our opinion that the District Court neither misconceived nor misapplied the applicable law of Missouri in submitting this case to the jury.

The judgment appealed from is **affirmed**.